IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | |
|---|---|
| HYE-YOUNG PARK, a/k/a LISA PARK, | ) |
| Plaintiff, | ) |
| v. | ) Case No.:15-cv-2136 |
| MICHAL T. HUDSON, individually, HEIDI JOHNSON, individually, CHARLES SECOLSKY, individually, ROBERT STAKE, individually, and THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT CHARLES SECOLSKY'S MOTION IN LIMINE**

NOW COMES the Plaintiff, HYE-YOUNG PARK ("Park"), by her attorney, M. Dennis Mickunas, and hereby files her Response and Objection to the Motion in Limine filed by the Defendant CHARLES SECOLSKY ("Secolsky") and states as follows.

**I.     ARGUMENT**

Secolsky's January 4, 2018 Motion in Limine (ECF #158) seeks to preclude Plaintiff Park from presenting three categories of evidence at trial.  However, Secolsky cites no legal authority, no Federal Rule, and no Local Rule to support his motion.

 "Rules 401 and 402 [of the Federal Rules of Evidence] establish the broad principle that relevant evidence— evidence that makes the existence of any fact [that is of consequence] more or less probable—is admissible *unless the Rules provide otherwise*." *Huddleston v. United States*, 485 U.S. 681, 687 (1988) (emphasis added). Except for the "N-word," each category of

evidence that Secolsky seeks to bar Park from using is relevant to a key element in the case and, thus, should not be excluded. Discussion of each part of the Motion in Limine follows.

1. <u>Plaintiff should not be precluded from presenting relevant portions of the video "Debbie Does Dallas."</u>

Secolsky's arguments are merely that the video is offensive, and that it would be logistically difficult to identify and present relevant portions. Neither of these provide sufficient legal reason for excluding such evidence, provided that the evidence is otherwise relevant and admissible.

2. <u>Plaintiff should not be precluded from presenting relevant audio recordings.</u>

Audio recordings made by Park may be quite relevant to key elements of her case, and may also be relevant to impeachment of Secolsky's testimony. Secolsky has stated no legal reason to exclude such audio recordings.

3. <u>Plaintiff should not be precluded from using the word "blowjob."</u>

Secolsky's only argument is that the word "blowjob" may be offensive. Park agrees that it is very offensive. However, it is critical that the jury be informed of the crude, offensive conduct and language that Secolsky used in Park's presence. The jury could not appreciate the full impact upon Park if testimony is sanitized as Secolsky suggests.

However, Park does agree that the use of the "N-word" (i.e. "nigger") is irrelevant to any allegation, and would be unduly prejudicial toward Park. Plaintiff Park therefore agrees that, pursuant to Federal Rules of Evidence 401, 402, and 406, there should be no utterance in the presence of the jury of either the word "nigger" or any of its euphemisms.

## II.    CONCLUSION

WHEREFORE, for the above and foregoing reasons, Plaintiff HYE-YOUNG PARK respectfully requests that the Motion in Limine by Defendant CHARLES SECOLSKY be denied as to items 1) and 2), denied as to item 3) regarding the word "blowjob," and be granted as to item 3) regarding the word "nigger."

Dated: January 16, 2018                    Respectfully submitted,

                                              HYE-YOUNG PARK
                               By:   s/ Marshall Dennis Mickunas
                                              M. Dennis Mickunas
                                              ARDC # 6293386
                                              312 Yankee Ridge Lane
                                              Urbana, IL 61802
                                              Phone: 217-328-4000
                                              dennis@mickunas-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties involved in the case who are entitled to notice and who are CM/ECF participants.  I also hereby certify that I have mailed by United States Postal Service the above- referenced document to the following non-CM/ECF participants:

Charles Secolsky
126 Rolling Meadows Road
Middletown, NY 10940

By: s/ Marshall Dennis Mickunas
Plaintiff's Attorney
M. Dennis Mickunas
ARDC # 6293386
312 Yankee Ridge Ln
Urbana, IL 61802
Phone: 217-328-4000
dennis@mickunas-law.com