IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | |
|---|---|
| HYE-YOUNG PARK, a/k/a LISA PARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.:15-cv-2136 |
| | ) |
| MICHAL T. HUDSON, individually, | ) Judge: Hon. Colin Stirling Bruce |
| HEIDI JOHNSON, individually, | ) Magistrate: Hon. Eric I. Long |
| CHARLES SECOLSKY, individually, | ) |
| ROBERT STAKE, individually, | ) |
| and THE BOARD OFTRUSTEES OF THE | ) |
| UNIVERSITY OF ILLINOIS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO REOPEN DISCOVERY AND TO EXTEND TIME**

NOW COMES the Plaintiff, HYE-YOUNG PARK ("Park"), by her attorney, M. Dennis Mickunas, and in support of her Motion for Leave to Reopen Discovery and to Extend Time for limited discovery, states as follows:

On September 14, 2016 this Court entered an Agreed Rule 16 Scheduling Order (ECF #85) requiring that all discovery be completed by August 1, 2017.  On approximately January 4, 2018 Defendant ROBERT STAKE's ("Stake") counsel, Mr. Lietz became gravely ill.  It was later determined that Mr. Lietz would be unable to continue as Stake's counsel.  On January 19, 2018, prior to Defendant Stake obtaining new counsel, a package arrived at the former law office of Plaintiff's counsel.  The package was sent by an anonymous person (hereinafter "Doe-1").

Plaintiff now seeks leave to reopen discovery for the limited purpose of determining the identity of Doe-1 and to verify the authenticity of the Doe-1 package.

The Doe-1 information (*see* Exhibits Pl #94-100) is clearly relevant to punitive damages because it shows that Defendant Stake's behavior was recidivistic, and therefore reprehensible.  "Our holdings that a recidivist may be punished more severely than a first offender recognize that repeated misconduct is more reprehensible than an individual instance of malfeasance." *BMW of North America,*

*Inc. v. Gore,* 517 U.S. 559, 577, 116 S.Ct. 1589, 1600, 134 L.Ed.2d 809, 827 (1996) (Breyer, J., concurring, joined by O'Connor and Souter, JJ.).

> FED. R. CIV. P. 6(b) states, in relevant part:
>
> "(b) Extending Time.
> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time
> …
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

The Supreme Court has laid out several considerations that a must be addressed when determining whether neglect is "excusable."

> "Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993).

Here, all criteria are satisfied.

1. The requested delay will not prejudice Defendant Stake.
2. The requested delay is short will not impact any dates presently set by the court.
3. The requested limited discovery addresses issues of authenticity and relevance in advance of trial, thereby simplifying the trial itself.
4. As explained above, the reason for the delay, namely to authenticate the Doe-1 package and the claims made by Doe-1, are clearly relevant to Plaintiff's case.
5. Plaintiff had no prior knowledge of Doe-1's existence or of the claims made by her. Plaintiff had no control over the untimeliness of Doe-1's revelations.
6. Plaintiff is not seeking to delay and is acting in good faith.

Therefore, Plaintiff's delay in discovering Doe-1 and her allegations is excusable.

WHEREFORE, the Plaintiff, HYE-YOUNG PARK respectfully requests that this Honorable Court enter an order granting her Motion for Leave to Reopen Discovery for the limited purposes described herein, and to Extend Time for said discovery up to and including June 30, 2018, together with such other relief as this Court deems equitable and just.

Dated May 1, 2018

Respectfully submitted,

HYE-YOUNG PARK

By: /s/ Marshall Dennis Mickunas
M. Dennis Mickunas
ARDC # 6293386
312 Yankee Ridge Lane
Urbana, IL 61802
Phone: 217-328-4000
dennis@mickunas-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties involved in the case who are entitled to notice. I also hereby certify that I have mailed by United States Postal Service the above- referenced document to the following non-CM/ECF participants:

Charles Secolsky
126 Rolling Meadows Road
Middletown, NY 10940

By: /s/ Marshall Dennis Mickunas
Plaintiff's Attorney
ARDC # 6293386
312 Yankee Ridge Ln
Urbana, IL 61802
Phone: 217-328-4000
dennis@mickunas-law.com