# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| HYE-YOUNG PARK, a/k/a LISA PARK, ) | |
| ) | |
| Plaintiff, ) | |
| v.                             ) | Case No. 15-CV-2136 |
| ) | |
| MICHAL T. HUDSON, individually ) | |
| HEIDI JOHNSON, individually, ) | |
| CHARLES SECOLSKY, individually, ) | |
| ROBERT STAKE, individually, and ) | |
| THE BOARD OF TRUSTEES OF THE ) | |
| UNIVERSITY OF ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Defendant, Charles Secolsky, filed a Motion *in Limine* (#158) on January 4, 2018, to which Plaintiff, Lisa Park, filed her Response (#159) on January 16, 2018.  Defendant Secolsky also filed a Motion to Utilize A/V Equipment at Trial (#190) on April 27, 2018, to which Plaintiff filed her Response (#193) on May 4, 2018.

*Motion In Limine*

Defendant makes three requests in his Motion in Limine (#158): (1) that the court should not show the pornographic film "Debbie Does Dallas" to the jury, as it may be offensive to some jurors and there may be minors in the courtroom, and, if it is shown, Defendant would have to identify the same six to fifteen minute segment he showed Plaintiff; (2) the court should bar Plaintiff from using any voice recordings made of Defendant by her laptop and, if the court does allow the recordings, the recordings should be made available to Defendant before trial; and (3) the court should not allow either Plaintiff or Defendant to say the words "blowjob" or "nigger" in front of the jury,

as it is offensive.  In response, Plaintiff argues that: (1) the pornographic film is relevant and admissible, and should be shown; (2) the audio recordings are relevant; and (3) "blowjob" is offensive, but relevant for its impact on Plaintiff and thus should be admissible, but that "nigger" is extremely offensive and prejudicial to Plaintiff, so it should be barred.

Under Federal Rules of Evidence 401 and 402, evidence is relevant if it (1) has any tendency to make a factor more or less probable than it would be without the evidence and (2) the fact is of consequence in determining the action.  Fed.R.Evid. 401.  That relevant evidence is admissible so long as it is not barred by the U.S. Constitution, federal statute, the Federal Rules of Evidence, or other rules prescribed by the U.S. Supreme Court.  Fed.R.Evid. 402.  However, Federal Rule of Evidence 403 permits the court to exclude otherwise relevant evidence "if its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed.R.Evid. 403.

The district court has wide discretion in admitting and excluding evidence, and the Seventh Circuit Court of Appeals reviews evidentiary decisions for abuse of discretion only, giving "special deference" to the district court's determinations.  *Thompson v. City of Chicago*, 722 F.3d 963, 971 (7th Cir. 2013).

First, with regard to the pornographic movie, the court will not allow Plaintiff to show the film in court.  Plaintiff may testify as to the film shown to her, and images/scenes she saw at Defendant Secolsky's apartment.  Defendant Secolsky can offer his own testimony as to what he showed Plaintiff.  If Plaintiff so desires, the court

can stipulate to the jury that the film shown, "Debbie Does Dallas," is a pornographic movie. The court does not believe it would be proper or even relevant to show portions of a pornographic film to the jury in this case, as it runs the risk of being needlessly inflaming and prejudicial, along with being cumulative to the testimony of the parties and the court's stipulation as to the film's content. See *Thompson*, 722 F.3d at 971. This is not a child pornography case, where the media is central to the jury's determination of guilt or innocence. The court does not believe that disallowing the showing of the actual film to the jury "effectively prevent[s]" Plaintiff from presenting her case. See *Thompson*, 722 F.3d at 971. Rather, Plaintiff can competently present her case via her testimony and other means.

Next, the court agrees with Plaintiff that she may use audio recordings, if any exist, that she has of Defendant Secolsky, as audio recordings are generally admissible as evidence whether in duplicate or original form, provided they can be authenticated pursuant to Federal Rule of Evidence 901. *Smith v. City of Chicago*, 242 F.3d 737, 741 (7th Cir. 2001). Obviously, if Plaintiff does have audio recordings of Defendant Secolsky that she intends to introduce as evidence, she must disclose and make available those recordings in advance of trial to him.

Finally, both parties agree that use of the pejorative "nigger" should be barred from trial because it will be unnecessarily offensive to the jury and others in the courtroom. Defendant Secolsky, in earlier filings, has indicated that his actions toward Plaintiff on that day in his apartment were partially motivated by Plaintff's use of that word. If he wants to testify as to her use of the word, he may limit his testimony to "n-word." Plaintiff does object, however, to Defendant seeking to bar the use of the word

3

"blowjob." The court agrees with Plaintiff that she should be allowed to say "blowjob", because it is directly relevant to Plaintiff's claims and to how she felt and the word's impact on her when used by Defendant Secolsky in her presence.

*Motion to Utilize A/V Equipment At Trial*

Defendant requests that the court allow him to utilize audio visual equipment for making a power-point presentation related to his defense and for "teleprompting expert witness testimony from Michigan" to allow for "cross-examination by Plaintiff's attorney."

Plaintiff objects, arguing that it is too late for Secolsky to introduce expert witnesses and that he cites no good cause for allowing remote testimony.

On September 14, 2016, the court entered an Agreed Rule 16 Scheduling Order (#85), directing that Defendants were to disclose all experts and expert reports by April 1, 2017, and that all defense expert witnesses were to be made available for deposition by June 1, 2017. Plaintiff states that Defendant Secolsky failed to disclose any expert witness by that deadline, and Secolsky has not rebutted Plaintiff's statement. Trial is set to begin in August, and any expert now disclosed would result in unnecessary delay and prejudice to Plaintiff.

Of course, Plaintiff may utilize A/V equipment in the courtroom for presentation of admissible evidence, a proper opening statement, and a proper closing argument. However, to the extent he wants to use the A/V equipment for the purpose of presenting expert testimony, this motion is denied as MOOT because he cannot present such testimony for the reasons stated.

IT IS THEREFORE ORDERED:

(1) Defendant's Motion *in Limine* (#158) is GRANTED in part and DENIED in part.

(2) Defendant's Motion to Utilize A/V Equipment at Trial (#190) is DENIED as MOOT.

ENTERED this  6th  day of     June   , 2018.

                      s/ COLIN S. BRUCE
                      U.S. DISTRICT JUDGE