IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| HYE-YOUNG PARK, a/k/a LISA PARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-2136 |
| ) | |
| MICHAEL T. HUDSON, individually, ) | |
| HEIDI JOHNSON, individually, ) | |
| CHARLES SECOLSKY, individually, ) | |
| ROBERT STAKE, individually, ) | |
| and THE BOARD OF TRUSTEES OF ) | |
| THE UNIVERSITY OF ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT ROBERT STAKE'S
### MOTIONS *IN LIMINE*

NOW COMES defendant, ROBERT STAKE, by and through his attorneys, Thomas, Mamer & Haughey, LLP, and for his MOTIONS *IN LIMINE*, states as follows:

**Defendant's First Motion *in Limine***

Any testimony, evidence, argument that defendant ROBERT STAKE (hereinafter "Stake") is responsible for any alleged tortious behavior committed against plaintiff by defendant CHARLES SECOLSKY (hereinafter "Secolsky").

None of the Counts against Secolsky factually involve Stake in any way. The findings of the Court in its order on the competing motions for summary judgment sets forth the relevant facts. *Doc. #162.* At all times relevant to this case, Stake was a professor emeritus with the University of Illinois, and the Director of the Center for Instructional Research and Curriculum Evaluation ("CIRCE"). *Doc. #162,* p. 4. At all times relevant to this case, Secolsky was not employed by, nor did he have an appointment with the University of Illinois. *Doc.*

1

*#162*, p. 5, 13. Plaintiff, LISA PARK (hereinafter "Park") first met Secolsky in the fall of 2013. *Doc. #162*, p. 6. Secolsky and Park developed what Park referred to as an academic relationship. *Doc. #162*, p. 6. At the time of their meeting, Park was writing a book, and she sent Secolsky sections of her book for review. *Doc. #162,* p. 6. In early 2014, Secolsky offered Park a job as a qualitative researcher, which she accepted. *Doc. #162*, p.10. An employment contract was entered between Park and Secolsky in the summer of 2014. *Id*. Park was named an employee of Secolsky's company, "Resources in Education for Urban Schools, Inc." *Id.*

Count I of the complaint is a battery claim arising out of a January 24, 2014 incident that occurred in Secolsky's apartment. *Doc. #162*, p. 7; Secolsky Deposition, pg. 111. Count II is an assault claim that arises out of an incident whereby Secolsky pointed to his cheek, and asked Park to kiss it. *Doc. #162*, p. 25. Counts III and IV, brought pursuant to the Illinois hate crime and gender-related violence statutes respectively, arise out of the January 24, 2014 and the pointing to the cheek incidents. Count V is a false imprisonment claim arising out of the January 24, 2014 incident. Counts VI and VII assert theories of recovery based upon Park's employment by Secolsky. Count VIII is an intentional infliction of emotional distress claim alleging that Secolsky mishandled a visa application, harassed her by telephone, and committed the torts of assault, battery, and false imprisonment. Count IX is a claim brought under 42 U.S.C. §1983 asserting due process violations.

There is no evidence that Secolsky's alleged conduct had anything to do with Stake, or Stake's position with the University of Illinois. Rather, by the middle of July 2014, Park had signed an employment contract with Secolsky, and was working with him as a private employee. *Doc. #162*, p. 46-47. Stake had no power over this relationship.

2

Moreover, Stake is not vicariously liable for any of the claims asserted against Secolsky as a matter of law. With respect to the state law claims, Counts I-V are based upon intentional torts. The general rule is that an employer may not be held vicariously liable for an employee's intentional conduct if it occurred outside of employment or was solely in furtherance of the employee's own interests. *Mueller by Math v. Community Consol. School Dist. 54*, 287 Ill.App.3d 337, 345,678 N.E.2d 660, 666 (1st Dist. 1997). With respect to the counts brought under 42 U.S.C. §1981 (Count VII) and 42 U.S.C. §1983 (Count IX), *respondeat superior* cannot be used as a basis for holding Stake liable for the conduct of Secolsky. See *Jett v. Dallas School Dist.*, 491 U.S. 701 (1989); *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658 (1978)

## Defendant's Second Motion *in Limine*

Any testimony, evidence, or argument that Stake is responsible for any alleged physical injury to the Plaintiff.

There is no evidence that the Plaintiff suffered physical injury due to Stake's actions. Neither testimony, nor evidence exists to support a claim that the Plaintiff suffered physical injury from either Stake's alleged assault, or the battery. Specifically, there are no medical records pertaining to treatment the Plaintiff received due to the battery. Nor is there testimony that the Plaintiff suffered physical pain or injury due to the battery. Instead, the evidence is that the Plaintiff was not physically injured by Stake's action. *Doc. #162,* p. 4-5.

## Defendant's Third Motion *in Limine*

Any testimony, evidence, or argument that Stake is responsible for any alleged economic injury to the Plaintiff.

There is no evidence that the Plaintiff suffered economic injury due to Stake's actions. At the time of the alleged assaults and battery, the Plaintiff was in the process of seeking employment with other universities. Neither testimony, nor evidence exists to support a claim that the Plaintiff's employment search was affected by Stake's alleged assault, or the battery. Instead, the evidence shows that Stake continued to assist the Plaintiff in attempting to further her career following these alleged incidents. *Doc. #162*, p. 5. Simply put, there is no evidence that the Plaintiff suffered economic injury due to Stake's alleged assault, or battery.

### Defendant's Fourth Motion *in Limine*

Any testimony, evidence, or argument that Stake is responsible for any alleged psychological treatment sought by the Plaintiff.

There is no evidence that the Plaintiff suffered psychological injury due to Stake's actions. Neither testimony, nor evidence exists to support a claim that the Plaintiff suffered psychological injury from either Stake's alleged assault, or the battery. *Doc. # 162, p. 5.* Instead, the evidence shows that any psychological injury suffered by the Plaintiff was solely the result of Secolsky's conduct. The medical records show that the Plaintiff did not seek psychological assistance until April 2014, well after the kiss from Stake – occurring October 2013 – that formed the basis of the battery count. The records from her psychological appointments also reveal that Stake's conduct was never referred to as a cause of her psychological injury. Instead, the Plaintiff's psychological condition was attributable to Secolsky's conduct.

**Defendant's Fifth Motion *in Limine***

Any testimony, evidence, or argument relating to the "Doe-1 information" that was subject of Plaintiff's Motion for Leave to Reopen Discovery and to Extend Time. *Doc. #191*.

The Court denied the Plaintiff's Motion, agreeing that the "Doe-1 information" was not relevant to any pending issue in the case. Aside from being irrelevant, the "Doe-1 information" would be highly inflammatory and prejudicial, with the prejudicial effect severely outweighing any possible probative value.

        Respectfully submitted,

        Robert Stake, Defendant

By:    s/ William J. Brinkmann
        William J. Brinkmann
        Kenneth D. Reifsteck
        Nathan T. Kolb
        Thomas, Mamer & Haughey, LLP
        30 E. Main, PO Box 560
        Champaign, IL 61824-0560
        PH: (217) 351-1500
        Fax: (217) 351-2169
        wjbrinkm@tmh-law.com
        kdr@tmh-law.com
        nkolb@tmh-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2018, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all registered parties. On the same day, a true and correct copy of the foregoing instrument was placed in the United States Mail, first-class postage properly prepaid, and addressed to:

>Charles Secolsky
>126 Rolling Meadows Road
>Middletown, NY  10940

>/s/ **William J. Brinkmann**
>William J. Brinkmann
>Attorney for Defendant Robert Stake
>Thomas, Mamer & Haughey, LLP
>30 E. Main, PO Box 560
>Champaign, IL 61824-0560
>PH: (217) 351-1500
>Fax: (217) 351-2169
>wjbrinkm@tmh-law.com

Prepared by:

William J. Brinkmann
Kenneth D. Reifsteck
Nathan T. Kolb
Thomas, Mamer & Haughey, LLP
30 E. Main St., 5th Flr.; PO Box 560
Champaign, IL 61824
(217) 351-1500
wjbrinkm@tmh-law.com
kdr@tmh-law.com
nkolb@tmh-law.com