IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | |
|---|---|
| HYE-YOUNG PARK, a/k/a LISA PARK, | ) |
| Plaintiff, | ) |
| v. | ) Case No.:15-cv-2136 |
| MICHAL T. HUDSON, individually, HEIDI JOHNSON, individually, CHARLES SECOLSKY, individually, ROBERT STAKE, individually, and THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, | ) |
| Defendants. | ) |

### MOTION FOR DIRECTED VERDICT ON COUNTS X, XII AND XIII OF PLAINTIFF'S AMENDED COMPLAINT

NOW COMES defendant, ROBERT STAKE, by and through his attorneys, Thomas, Mamer & Haughey, LLP, and for his MOTION FOR DIRECTED VERDICT ON COUNTS X, XII, and XIII of PLAINTIFF'S AMENDED COMPLAINT, pursuant to Federal Rule of Civil Procedure 50, states as follows:

Fed.R.Civ.P. 50(a) provides that if a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not a have legally sufficient evidentiary basis to find for the party on that issue, the court may resolve the issue against that party and enter judgment as a matter of law.

In this case, only state law claims remain against defendant Stake. The court is exercising supplemental jurisdiction over those claims pursuant to 28 U.S.C.A.§1367. While jurisdiction of the remaining claims against Stake is not

1

based upon diversity pursuant to 28 U.S.C. §1332, there is no federal question before the court. Therefore, defendant Stake asserts the analysis regarding law to apply is akin to a diversity jurisdiction claim where only state law is at issue. In diversity cases, the court must apply the forum state's standard for a directed verdict. *Pro Football Weekly, Inc. v. Gannett Co.*, 988 F.2d 723, 726 (7th Cir. 1993); *Kessinger v. Grefco, Inc.*, 875 F.2d 153 (7th Cir. 1989). Under Illinois law, "a directed verdict or judgment *n.o.v.* is properly entered in those limited cases where 'all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand.'" *Maple v. Gustafson*, 151 Ill.2d 445, 603 N.E.2d 508, 512 (1992) (footnote omitted). The standards set forth by the Illinois Supreme Court and Fed.R.Civ.P. 50(a) are virtually the same.

Defendant Stake asserts the evidence in the claims pending against him so overwhelmingly favors him that no contrary verdict based on that evidence could ever stand.

## Count X: Assault

Assault is a reasonable apprehension of an imminent battery. *McNeil v. Carter*, 318 Ill.App.3d 939, 417, 742 N.E.2d 1277, 1281 (3d Dist. 2001). Under Illinois case law, a battery is defined as "the unauthorized touching of another's person." *Benitez v. American Standard Circuits, Inc.*, 678 F.Supp.2d 745, 767 (N.D. Ill. 2010), quoting *Boyd v. City of Chicago*, 378 Ill.App.3d 57, 69, 880 N.E.2d 1033, 1043-44 (1st Dist. 2007).

Plaintiff's claim for assault against defendant Stake is based upon Stake making "numerous attempts" to kiss her prior to October 2013. Dkt. #44, ¶137. Plaintiff has not produced evidence that she had a "reasonable apprehension" of actually being kissed by defendant Stake. Further, there is no evidence that Stake intentionally attempted to place plaintiff in a reasonable apprehension of an imminent battery. Assault is an intentional tort, "there is, properly speaking, no such thing as a negligent assault." *Rosenberg v. Packerland Packing Co., Inc.*, 55 Ill.App.3d 959, 962, 370 N.E.2d 1235, 1237 (1st Dist. 1977), quoting *Prosser, Torts* §10, at 41 (4th ed. 1971).

Instead, the Plaintiff testified that while driving Stake back to his office from lunch at Atlanta Bread Company, Stake leaned over toward her. In retrospect, the Plaintiff has interpreted this as an attempt to kiss her. The evidence does not support this contention. Moreover, the Plaintiff testified that this alleged event occurred on May 16, 2011. Under Illinois law, the statute of limitations to bring a claim for Assault is two years, meaning the statute of limitations for Plaintiff to bring this assault claim expired on or about May 16, 2013. *See* 735 ILCS5/13-202. As such, the Defendant is entitled to a directed verdict.

Aside from this single episode in her car, the Plaintiff did not testify to any specific acts during which Stake attempted to kiss her. Instead, she only referenced Stake hugging her and pressing his cheek against her. She did not testify that this was an attempt to kiss her. Moreover, the Plaintiff did not testify to a specific time or date on which this alleged act occurred. In fact, the only testimony related to date

3

she provided on this issue was that she began "feeling uncomfortable" with Stake sometime in 2010. Accordingly, there is no evidence, and no reason to believe, that the alleged "hug" that the Plaintiff claims constituted an Assault, occurred within the relevant limitations period to maintain the bringing of such a claim.

Based upon all of the evidence (or lack thereof), when viewed in its aspect most favorable to plaintiff, no verdict in favor of plaintiff on the assault claim could ever stand. Moreover, the evidence as brought forth at trial through the testimony of the Plaintiff shows that the only specific acts that she claims constituted an assault occurred in 2011 or before, meaning that the applicable statute of limitations to bring these claims had expired long before the bringing of these claims. Therefore, a directed verdict should be entered in favor of defendant Stake on Count X of the Complaint.

**Count XII: Hate Crime**

Count XII of plaintiff's Amended Complaint asserts that defendant Stake committed a "hate crime" against her in violation of 720 ILCS 5/12-7.1. More particularly, Park has alleged that "Stake's assaults and battery" against her "as alleged in Counts I and XI" were hate crimes in that they were motivated in whole or part by her gender, and her national origin. Amended Complaint, Dkt. #44, ¶151. The section of the law in question provides:

> A person commits hate crime when, by reason of the actual or perceived race, color, creed, religion, ancestry, gender, sexual orientation, physical or mental disability, or national origin of another individual or group of individuals, regardless of the existence of any other motivating factor or factors, he commits assault, battery, aggravated assault, misdemeanor theft, criminal trespass to residence,

4

misdemeanor criminal damage to property, criminal trespass to
vehicle, criminal trespass to real property, mob action, disorderly
conduct, harassment by telephone, or harassment through electronic
communications as these crimes are defined in Sections 12-1, 12-2, 12-
3(a), 16-1, 19-4, 21-1, 21-2, 21-3, 25-1, 26-1, 26.5-2, and paragraphs
(a)(2) and (a)(5) of Section 26. 5-3 of this Code, respectively.

720 ILCS 5/12-7.1(a).

As set forth above, the evidence in this matter does not support a cause of action for any assault. Further, the uncontroverted testimony at trial was that Stake kissed plaintiff "spontaneously" and "thoughtlessly". There is no evidence that Stake kissed plaintiff, or attempted to kiss plaintiff, because she was female, or Korean. Without such evidence, plaintiff cannot prevail on her claim under 720 ILCS 5/12-7.1(a).

**Count XIII: Gender Violence Act.**

Count XIII is brought against defendant Stake under the Gender Violence Act, 740 ILCS 82/*et seq.* In Count XIII, plaintiff alleges that the assaults and battery described in Counts X and XI of the Amended Complaint were motivated whole or in part by plaintiff's gender. §5 of the Act provides:

> § 5. Definition. In this Act, "gender-related violence", which is a form of sex discrimination, means the following:
>
> (1) One or more acts of violence or physical aggression satisfying the elements of battery under the laws of Illinois that are committed, at least in part, on the basis of a person's sex, whether or not those acts have resulted in criminal charges, prosecution, or conviction.
> (2) A physical intrusion or physical invasion of a sexual nature under coercive conditions satisfying the elements of battery under the laws of Illinois, whether or not the act or acts resulted in criminal charges, prosecution, or conviction.

5

(3) A threat of an act described in item (1) or (2) causing a realistic apprehension that the originator of the threat will commit the act

740 ILCS 82/5

The definitions contained in §5 require that plaintiff satisfy the elements of *battery under the laws of Illinois*. It does not provide a cause of action for an assault. Therefore, whether Stake committed an "assault" is not relevant to this cause of action. To prevail on a claim of gender violence under the statute, plaintiff must prove that the battery committed by Stake, *i.e.* the kiss, was committed, at least in part, on the basis of her gender.

The uncontroverted testimony at trial was that Stake kissed plaintiff "spontaneously" and "thoughtlessly". There is no evidence that Stake kissed plaintiff, or attempted to kiss plaintiff, because she was female. Without such evidence, plaintiff cannot prevail on her claim under 740 ILCS 82.

WHEREFORE, for the reasons set forth above, defendant ROBERT STAKE prays that a verdict be directed in his favor on Counts X, XII, and XIII of plaintiff's Amended Complaint, and for such other relief as the court deems just.

    Respectfully submitted,
    Robert Stake, Defendant

By:   /s/ William J. Brinkmann
      William J. Brinkmann, No. 0296252
      Thomas, Mamer & Haughey, LLP
      30 E. Main Street, PO Box 560
      Champaign, IL 61824-0560
      PH: (217) 351-1500
      Fax: (217) 351-2169
      wjbrinkm@tmh.law.com