E-FILED
Monday, 27 August, 2018  11:06:22 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

FILED

AUG 2 4 2018

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

| | | |
|---|---|---|
| HYE-YOUNG PARK, a/k/a LISA PARK, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 15-CV-2136 |
| | ) | |
| | ) | |
| CHARLES SECOLSKY and ROBERT STAKE | ) | Hon. Colin S. Bruce |
| | ) | |
| | ) | |
| Defendants. | ) | |

## JURY INSTRUCTIONS

Members of the jury, you have seen and heard all the evidence and will hear the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy or prejudice to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

During this trial, I have asked witnesses questions myself.  Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers or Mr. Secolsky are not evidence.  Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' and Mr. Secolsky's opening statements and closing arguments to you are not evidence.  Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers or Mr. Secolsky said, your memory is what counts.

I have a duty to caution or warn anyone who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may have cautioned or warned during the trial.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Each party is entitled to have the case decided solely on the evidence that applies to that party. You must consider the evidence concerning Charles Secolsky's behavior only in the case against Charles Secolsky. You must not consider it against Robert Stake. Likewise, you must consider the evidence concerning Robert Stake's behavior only in the case against Robert Stake. You must not consider it against Charles Secolsky.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference."  A jury is allowed to make reasonable inferences.  Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

-the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-the witness's memory;

-any interest, bias, or prejudice the witness may have;

-the witness's intelligence;

-the manner of the witness while testifying;

-the witness's age;

-and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by a party, or a witness under oath, before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different.  If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

The parties have stipulated, or agreed, to certain facts.  You must now treat those facts as having been proved for the purpose of this case.

The rights of the defendants, Charles Secolsky and Robert Stake, are separate and distinct. Each is entitled to a fair consideration of his own defense and you will decide each defendant's case separately as if it were a separate lawsuit. Each defendant's case must be governed by the instructions applicable to that case.

You must give separate consideration to each claim and each party in this case.

When I say that a party must prove something by a "preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

The Court has found that the defendant Charles Secolsky is liable for Count I, Battery, against Plaintiff Hye-Young Park, so that is not an issue you will need to decide.

In Count II, Plaintiff Hye-Young Park claims that Defendant Charles Secolsky committed an assault against her.  To succeed on this claim, Plaintiff must prove each of the following propositions by a preponderance of the evidence:

> First, that Charles Secolsky caused Hye-Young Park to be in fear of an immediate harmful or offensive contact. It is not necessary for any actual contact to have been made between the parties. For contact to be offensive, it must offend a reasonable sense of personal dignity.

> Second, that the acts of Charles Secolsky were intentional.  It is not necessary that Charles Secolsky intended to injure, only that he intended to make the offensive contact.

> Third, that the acts of Charles Secolsky were done without Hye-Young Park's consent.

> Fourth, that Hye-Young Park was injured.

> Fifth, that the acts of Charles Secolsky were a proximate cause of the injury to Hye-Young Park.

If you find from your consideration of all the evidence that each of these propositions has been proved as to Charles Secolsky, then your verdict should be for Hye-Young Park.

On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proved as to Charles Secolsky, then your verdict should be for Charles Secolsky.

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the Plaintiff's injury.

There was in force in the State of Illinois at the time of the occurrences in question a statute providing that a person commits a hate crime when, by reason of the actual or perceived gender or national origin of another individual, regardless of the existence of any other motivating factor or factors, he commits assault or battery.

In Count III, Plaintiff Hye-Young Park claims that Defendant Charles Secolsky committed a hate crime against her.  To succeed on this claim, Plaintiff must prove each of the following propositions by a preponderance of the evidence:

> First, that Charles Secolsky's Battery was motivated at least in part by Hye-Young Park's gender or national origin; or that Charles Secolsky is liable for Assault and that his Assault of Hye-Young Park was motivated at least in part by the Plaintiff's gender or national origin.

> Second, that Hye-Young Park was injured.

> Third, that the acts of Charles Secolsky were a proximate cause of the injury to Hye-Young Park.

If you find from your consideration of all the evidence that each of these propositions has been proved as to Charles Secolsky, then your verdict should be for Hye-Young Park.

On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proved as to Charles Secolsky, then your verdict should be for Charles Secolsky.

There was in force in the State of Illinois at the time of the occurrences in question a statute called the Gender Violence Act providing a civil cause of action for any person who has been subjected to gender-related violence.

"Gender-related violence," which is a form of sex discrimination, means one or more acts of violence or physical aggression satisfying the elements of battery under the laws of Illinois that are committed, at least in part, on the basis of a person's sex, whether or not those acts have resulted in criminal charges, prosecution, or conviction.

In Count IV, Plaintiff Hye-Young Park claims that Defendant Charles Secolsky subjected her to gender-related violence.  To succeed on this claim, Plaintiff must prove each of the following propositions by a preponderance of the evidence:

> First, that Charles Secolsky's Battery of Hye-Young Park was an act of violence or physical aggression.

> Second, that Charles Secolsky's Battery of Hye-Young Park was committed, at least in part, on the basis of Hye-Young Park's sex.

> Third, that Hye-Young Park was injured.

> Fourth, that the acts of Charles Secolsky were a proximate cause of the injury to Hye-Young Park.

If you find from your consideration of all the evidence that each of these propositions has been proved as to Charles Secolsky, then your verdict should be for Hye-Young Park.

On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proved as to Charles Secolsky, then your verdict should be for Charles Secolsky.

False imprisonment is defined as an unlawful restraint of an individual's personal liberty or freedom of locomotion.  Imprisonment has been defined as any unlawful exercise or show of force by which a person is compelled to remain where he or she does not wish to remain or to go where he or she does not wish to go.  In order for a false imprisonment to be present, there must be actual or legal intent to restrain.

There are five ways in which a person may bring about the confinement required as an element of false imprisonment, including (1) actual or apparent physical barriers; (2) overpowering physical force, or by submission to physical force; (3) threats of physical force; (4) other duress; and (5) asserted legal authority.

In Count V, Plaintiff Hye-Young Park claims that Defendant Charles Secolsky falsely imprisoned her.  To succeed on this claim, Plaintiff must prove each of the following propositions by a preponderance of the evidence:

First, that Charles Secolsky intended to restrain Hye-Young Park.

Second, that Charles Secolsky restrained Hye-Young Park's personal liberty or freedom of locomotion.

Third, that Charles Secolsky's restraint of Hye-Young Park was not legally justified.

Fourth, that Charles Secolsky's restraint of Hye-Young Park was done without her consent.

Fifth, that Hye-Young Park was injured.

Sixth, that the acts of Charles Secolsky were a proximate cause of the injury to Hye-Young Park.

If you find from your consideration of all the evidence that each of these propositions has been proved as to Charles Secolsky, then your verdict should be for Hye-Young Park.

On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proved as to Charles Secolsky, then your verdict should be for Charles Secolsky.

30

There was in force in the State of Illinois at the time of the occurrences in question a statute called the Illinois Human Rights Act, providing that it is a civil rights violation for a person to retaliate against a person because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination, sexual harassment in employment or sexual harassment in elementary, secondary, and higher education, discrimination based on citizenship status in employment, or because he or she has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this Act.

In Count VI, Plaintiff Hye-Young Park claims that Defendant Charles Secolsky violated her civil rights under the Illinois Human Rights Act.  To succeed on this claim, Plaintiff must prove each of the following propositions by a preponderance of the evidence:

First, that Hye-Young Park reasonably believed that Charles Secolsky's acts constituted unlawful discrimination, sexual harassment in employment, sexual harassment in higher education, or discrimination based on citizenship status in employment.

Second, that Hye-Young Park:

a)      opposed Charles Secolsky's acts, or

b)      filed a complaint with the Office of Diversity, Equity and Access ("ODEA") at the University of Illinois.

Third, that because of Hye-Young Park's opposition or because of her filing of a complaint with the ODEA, Charles Secolsky retaliated against her.

Fourth, that Hye-Young Park was injured.

Fifth, that the acts of Charles Secolsky were a proximate cause of the injury to Hye-Young Park.

If you find from your consideration of all the evidence that each of these propositions has been proved as to Charles Secolsky, then your verdict should be for Hye-Young Park.

32

On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proved as to Charles Secolsky, then your verdict should be for Charles Secolsky.

In Count VII, Plaintiff Hye-Young Park claims that Charles Secolsky retaliated against her because of her complaints to the ODEA about racial discrimination.  To succeed on this claim, Plaintiff must prove each of the following propositions by a preponderance of the evidence:

First, that Hye-Young Park complained to the ODEA about racial discrimination by Charles Secolsky.

Second, that Hye-Young Park was subjected to a materially adverse action at the time, or after, the protected conduct took place, namely that Charles Secolsky terminated Hye-Young Park's employment contract and that Charles Secolsky interfered with Hye-Young Park's visa application.

Third, that there was a causal connection between Charles Secolsky's adverse actions against Hye-Young Park and her complaint to the ODEA.

Concerning the first element, Hye-Young Park need not prove the merits of her complaint to the ODEA, but only that she was acting under a reasonable, good faith belief that her right to be free from racial discrimination was violated.

Concerning the second element, the term "materially adverse" means that Hye-Young Park must show that Charles Secolsky's termination of Hye-Young Park's employment contract and his interference with Hye-

Young Park's visa application were serious enough that it well might have discouraged a reasonable worker from complaining to the ODEA.

Concerning the third element, that of causal connection, that connection may be shown in many ways. For example, you may or may not find that there is a sufficient connection through timing, that is Charles Secolsky's action followed shortly after he became aware of Hye-Young Park's complaint to the ODEA. Causation may or may not be proven by antagonism shown toward Hye-Young Park or a change in demeanor toward her.

If you find from your consideration of all the evidence that each of these propositions has been proved as to Charles Secolsky, then your verdict should be for Hye-Young Park.

On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proved as to Charles Secolsky, then your verdict should be for Charles Secolsky.

In Count VIII, Plaintiff Hye-Young Park claims that Charles Secolsky intentionally inflicted emotional distress on her.  To succeed on this claim, Plaintiff must prove each of the following propositions by a preponderance of the evidence:

> First, that Charles Secolsky sexually harassed Hye-Young Park and retaliated against her when she complained;
>
> Second, that Charles Secolsky's conduct was extreme and outrageous;
>
> Third, that Charles Secolsky acted in deliberate disregard of a high probability that emotional distress would follow;
>
> Fourth, that Hye-Young Park experienced severe emotional distress; and
>
> Fifth, that Charles Secolsky's conduct proximately caused Hye-Young Park's emotional distress.

If you find from your consideration of all the evidence that each of these propositions has been proved as to Charles Secolsky, then your verdict should be for Hye-Young Park.

On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proved as to Charles Secolsky, then your verdict should be for Charles Secolsky.

In Count IX, Plaintiff Hye-Young Park claims that Charles Secolsky deprived her of her constitutional right to Equal Protection under the Fourteenth Amendment.  To succeed on this claim, Plaintiff must prove each of the following propositions by a preponderance of the evidence:

First, Charles Secolsky acted under color of law.

Second, while acting under color of law, Charles Secolsky deprived Hye-Young Park of a federal constitutional right.

Third, that Hye-Young Park experienced severe emotional distress; and

Fourth, that Charles Secolsky's conduct proximately caused Hye-Young Park's emotional distress.

If you find from your consideration of all the evidence that each of these propositions has been proved as to Charles Secolsky, then your verdict should be for Hye-Young Park.

On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proved as to Charles Secolsky, then your verdict should be for Charles Secolsky.

When I say that a person acts "under color of law," I mean that a person uses or misuses authority that he has because of his official position.

You should consider the nature of the act, and the circumstances under which it occurred, to determine whether it was under color of law. The acts must be related in some way to the performance of the duties of the state office.

The second element of Hye-Young Park's claim is that Charles Secolsky deprived her of a federal constitutional right by his sexual harassment of her. In order to prove this, Hye-Young Park must demonstrate that Charles Secolsky intended to sexually harass her based at least in part because of her status as a woman, not because of factors personal to her.

In considering Count IX, if you find in favor of Hye-Young Park but find that Hye-Young Park has failed to prove compensatory damages, then you must award nominal damages of $1.00. A person whose federal rights were violated is entitled to a recognition of that violation, even if she suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury

38

occurred. However, if you find actual injury, you must award

compensatory damages, rather than nominal damages.

The Court has found that the defendant Robert Stake is liable for Count XI, Battery, against Plaintiff Hye-Young Park, so that is not an issue you will need to decide.

In Count XII, Plaintiff Hye-Young Park claims that Defendant Robert Stake committed a hate crime against her. To succeed on this claim, Plaintiff must prove each of the following propositions by a preponderance of the evidence:

First, that Robert Stake's Battery was motivated at least in part by the Plaintiff's gender or national origin.

Second, that Hye-Young Park was injured.

Third, that the acts of Robert Stake were a proximate cause of the injury to Hye-Young Park.

If you find from your consideration of all the evidence that each of these propositions has been proved as to Robert Stake, then your verdict should be for Hye-Young Park.

On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proved as to Robert Stake, then your verdict should be for Robert Stake.

In Count XIII, Plaintiff Hye-Young Park claims that Defendant Robert Stake subjected her to gender-related violence.  To succeed on this claim, Plaintiff must prove each of the following propositions by a preponderance of the evidence:

First, that Robert Stake's Battery of Hye-Young Park was an act of violence or physical aggression.

Second, that Robert Stake's Battery of Hye-Young Park was committed, at least in part on the basis of Hye-Young Park's sex.

Third, that Hye-Young Park was injured.

Fourth, that the acts of Robert Stake were a proximate cause of the injury to Hye-Young Park.

If you find from your consideration of all the evidence that each of these propositions has been proved as to Robert Stake, then your verdict should be for Hye-Young Park.

On the other hand, if you find from your consideration of all the evidence that any of these propositions has not been proved as to Robert Stake, then your verdict should be for Robert Stake.

42

If you find in favor of Plaintiff on any of her claims, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find she sustained as a direct result of any Defendants' conduct. These are called compensatory damages.

Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no other: The physical and mental or emotional pain and suffering and disability and loss of a normal life, which Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental or emotional pain and suffering, or disability or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injuries she has sustained.

In addition to compensatory damages, the law permits you under certain circumstances to award punitive damages. If you find that the conduct of Charles Secolsky or Robert Stake was willful and wanton and proximately caused injury to the Plaintiff, and if you believe that justice and the public good require it, you may award an amount of money which will punish Charles Secolsky or Robert Stake and discourage him or them and others from similar conduct.

In arriving at your decision as to the amount of punitive damages, you should consider the following three questions. The first question is the most important to determine the amount of punitive damages:

1. How reprehensible was Charles Secolsky or Robert Stake's conduct?

On this subject, you should consider the following:

a)   The facts and circumstances of defendant's conduct;
b)   The vulnerability of the Plaintiff;
c)   The duration of the misconduct;
d)   The frequency of defendant's misconduct;
e)   Whether the harm was physical as opposed to economic;
f)   Whether defendant tried to conceal the misconduct; and

2. What actual and potential harm did defendant's conduct cause to the Plaintiff in this case?

3. What amount of money is necessary to punish defendant and discourage defendant and others from future wrongful conduct?

When I use the expression "willful and wanton conduct" I mean a course of action which shows actual or deliberate intention to harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

Take this verdict form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the form, and all of you will sign it.

I do not anticipate that you will need to communicate with me.  If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror.

The writing should be given to the marshal, who will give it to me.  I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

During your deliberations, you must not communicate with or provide information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

The verdict form reads as follows.

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HYE-YOUNG PARK, a/k/a LISA PARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 15-CV-2136 |
| | ) | |
| | ) | |
| CHARLES SECOLSKY and ROBERT STAKE | ) | Hon. Colin S. Bruce |
| | ) | |
| | ) | |
| Defendants. | ) | |

## JURY VERDICT

<u>Counts I-IX: Defendant Charles Secolsky</u>

On Count I, Plaintiff's battery claim against Defendant Charles Secolsky, the court has already found Defendant Charles Secolsky liable.

On Count II, Plaintiff's assault claim against Defendant Charles Secolsky, we, the jury, find in favor of:

(CHECK ONE) Plaintiff_____ Defendant_____

On Count III, Plaintiff's hate crime claim against Defendant Charles Secolsky, we, the jury, find in favor of:

(CHECK ONE) Plaintiff_____ Defendant_____

On Count IV, Plaintiff's gender-related violence claim against Defendant Charles Secolsky, we, the jury, find in favor of:

(CHECK ONE) Plaintiff_____ Defendant_____


On Count V, Plaintiff's false imprisonment claim against Defendant Charles Secolsky, we, the jury, find in favor of:

(CHECK ONE) Plaintiff_____ Defendant_____


On Count VI, Plaintiff's Illinois Human Rights Act claim that Defendant Charles Secolsky violated her civil rights, we, the jury, find in favor of:

(CHECK ONE) Plaintiff_____ Defendant_____


On Count VII, Plaintiff's retaliation claim against Defendant Charles Secolsky, we, the jury, find in favor of:

(CHECK ONE) Plaintiff_____ Defendant_____


On Count VIII, Plaintiff's intentional infliction of emotional distress claim against Defendant Charles Secolsky, we, the jury, find in favor of:

(CHECK ONE) Plaintiff_____ Defendant_____


On Count IX, Plaintiff's Equal Protection claim against Defendant Charles Secolsky, we, the jury, find in favor of:

(CHECK ONE) Plaintiff_____ Defendant_____

## Compensatory Damages: Defendant Charles Secolsky

The court has already found Defendant Charles Secolsky liable for Count I, battery.  You must still determine what amount, if any, of compensatory damages Plaintiff Hye-Young Park is entitled to on the battery claim.  Further, if you have found that Defendant Secolsky is liable on any of the other counts, Counts II through IX, then you must determine if Plaintiff is entitled to compensatory damages on those counts.

If, however, you have found that Plaintiff suffered no damages due to the battery, and that Defendant Secolsky is not liable on any other count, then you will not award compensatory damages and may sign and date the verdict form.

If you find Defendant Secolsky liable on Count IX but find that Hye-Young Park has failed to prove compensatory damages, then you must award nominal damages of $1.00.

We find Plaintiff Hye-Young Park's compensatory or nominal damages to be:

$_____

## Punitive Damages: Defendant Charles Secolsky

If you have awarded compensatory damages against Defendant Secolsky, you may also determine if Plaintiff is entitled to punitive damages.  Please complete the following section only if you assess punitive damages against Defendant Charles Secolsky:

We find punitive damages against Defendant Charles Secolsky to be:

$\$$_____

## Counts XI-XIII: Defendant Robert Stake

On Count XI, Plaintiff's battery claim against Defendant Robert Stake, the court has already found Defendant Robert Stake liable.

On Count XII, Plaintiff's hate crime claim against Defendant Robert Stake, we, the jury, find in favor of:

(CHECK ONE) Plaintiff_____ Defendant_____

On Count XIII, Plaintiff's gender-related violence claim against Defendant Robert Stake, we, the jury, find in favor of:

(CHECK ONE) Plaintiff_____ Defendant_____

## Compensatory Damages: Defendant Robert Stake

The court has already found Defendant Robert Stake liable for Count XI, battery.  You must still determine what amount, if any, of

compensatory damages Plaintiff Hye-Young Park is entitled to on the battery claim.  Further, if you have found that Defendant Stake is liable on any of the other counts, Counts XII and XIII, then you must determine if Plaintiff is entitled to compensatory damages on those counts.

If, however, you have found that Plaintiff suffered no damages due to the battery, and that Defendant Stake is not liable on any other count, then you will not award compensatory damages and may sign and date the verdict form.

We find Plaintiff Hye-Young Park's compensatory damages to be:

$_____

## Punitive Damages: Defendant Robert Stake

If you have awarded compensatory damages against Defendant Stake, you may also determine if Plaintiff is entitled to punitive damages. Please complete the following section only if you assess punitive damages against Defendant Robert Stake:

We find punitive damages against Defendant Robert Stake to be:

$_____

Fill in the date, and each juror must sign the form.

Date: _____

_____         _____
Presiding Juror

_____         _____

_____         _____

_____         _____

_____         _____