UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

HYE-YOUNG PARK,

                                    Docket No. 15-2136

                Plaintiff,

     vs.                            Urbana, Illinois
                                    August 24, 2018
                                    11:33 a.m.
CHARLES SECOLSKY and
ROBERT STAKE,

                Defendants.


        EXCERPT OF JURY TRIAL -- JURY INSTRUCTION CONFERENCE

            BEFORE THE HONORABLE COLIN S. BRUCE
               UNITED STATES DISTRICT JUDGE


A P P E A R A N C E S :

For the Plaintiff:        MARSHALL DENNIS MICKUNAS, ESQUIRE
                          Mickunas Law Office
                          312 Yankee Ridge Lane
                          Urbana, Illinois 61802
                          217-328-4000

Pro Se Defendant:         CHARLES SECOLSKY
                          126 Rolling Meadows Road
                          Middletown, New York 10940
                          973-489-6472

For Defendant Stake:      WILLIAM J. BRINKMANN, ESQUIRE
                          NATHAN T. KOLB, ESQUIRE
                          Thomas Mamer & Haughey LLP
                          30 East Main Street, Suite 500
                          P.O. Box 560
                          Champaign, Illinois 61824
                          217-351-1500


Proceedings recorded by mechanical stenography; transcript
produced by computer.

Park v. Secolsky & Stake, No. 15-2136 -- Jury Trial Excerpt (8/24/18)

```
 1                 (In open court; jury absent; 11:33 a.m.)
 2            THE COURT:  All right.  We're back on the
 3    record.  All the attorneys and Mr. Secolsky are here.
 4    The parties have -- are absent.
 5            Mr. Mickunas, you have a copy of the Court's
 6    instructions; is that correct?
 7            MR. MICKUNAS:  Yes, I do, Your Honor.
 8            THE COURT:  Mr. Brinkmann, you have -- and Mr.
 9    Kolb -- you have copies of the Court's instructions?
10            MR. KOLB:  Yes, Your Honor.
11            MR. BRINKMANN:  Yes, Your Honor.
12            THE COURT:  Mr. Secolsky, you have a copy of
13    the Court's instructions?
14            MR. SECOLSKY:  [Nodding head up and down.]
15            THE COURT:  All right.  So, Mr. Secolsky, let
16    me, let me help you out by explaining what the procedure
17    is.  I will ask if anyone has an objection to each of the
18    instructions as we go through.  If you object -- if you
19    want me to change something -- just say, "I object," and
20    I'll ask you what your objection is; and then I'll
21    determine whether I'm going to overrule your objection,
22    make your change, withdraw the objection -- something
23    like that.
24            If you don't have an objection, just say, "no
25    objection."
```

1          Understand the procedure?

2          MR. SECOLSKY:  Yes.

3          THE COURT:  And at the end, we decide which

4   instructions we're giving and not giving.  All right?

5          MR. SECOLSKY:  All right.

6          THE COURT:  All right.  Court's 1.01, any

7   objection, Mr. -- it's actually Court's 1, which is

8   Pattern Instruction 1.01.

9          Court's 1, Mr. Mickunas, any objection?

10          MR. MICKUNAS:  No, Your Honor.

11          THE COURT:  Mr. Brinkmann?

12          MR. BRINKMANN:  No, Your Honor.

13          THE COURT:  Mr. Secolsky?

14          MR. SECOLSKY:  No, Your Honor.

15          THE COURT:  All right.  Be given.

16          Court's 2.

17          MR. MICKUNAS:  No objection.

18          MR. BRINKMANN:  No objection.

19          MR. SECOLSKY:  No objection.

20          THE COURT:  Given.

21          Court's 3.

22          MR. MICKUNAS:  No objection.

23          MR. BRINKMANN:  No objection.

24          MR. SECOLSKY:  No objection.

25          THE COURT:  Given.

Park v. Secolsky & Stake, No. 15-2136 -- Jury Trial Excerpt (8/24/18)

1            Court's 4.

2            MR. MICKUNAS:  No objection.

3            THE COURT:  Whoa, whoa, whoa.  Hold on.  I took

4    out 4; we'll skip to Court's 5.  I took out Court's 4.

5            Court's 5.

6            MR. MICKUNAS:  No objection.

7            MR. BRINKMANN:  No objection.

8            MR. SECOLSKY:  No objection.

9            THE COURT:  Given.

10           Court's 6.

11           MR. MICKUNAS:  No objection.

12           MR. BRINKMANN:  No objection.

13           MR. SECOLSKY:  No objection.

14           THE COURT:  Let me point out:  I, I changed --

15   it says "as modified" because I changed it from "a duty

16   to caution or warn any attorney" or "any lawyer."  I

17   changed it to "anyone" because of Mr. Secolsky's

18   presence.

19           All right.  Court's 7.

20           MR. MICKUNAS:  No objection.

21           MR. BRINKMANN:  No objection.

22           MR. SECOLSKY:  No objection.

23           THE COURT:  Given.

24           Court's 8.

25           MR. MICKUNAS:  No objection.

Park v. Secolsky & Stake, No. 15-2136 -- Jury Trial Excerpt (8/24/18)

```
 1              MR. BRINKMANN:  No objection.

 2              MR. SECOLSKY:  No objection.

 3              THE COURT:  Given.

 4              Court's 9.

 5              MR. MICKUNAS:  No objection.

 6              MR. BRINKMANN:  No objection.

 7              MR. SECOLSKY:  Hold on.

 8                  (Brief pause in proceedings.)

 9              MR. SECOLSKY:  No objection.

10              THE COURT:  Given.

11                  (Brief pause in proceedings.)

12              THE COURT:  We're missing an instruction.

13                  (Brief pause in proceedings; the Court is

14                  having a private conversation with his law

15                  clerk.)

16              THE COURT:  Gentlemen, we're missing a Court's

17   instruction, which would be Seventh Circuit Pattern

18   Instruction 1.09.  We're making copies of that right now

19   to insert in the appropriate location in the

20   instructions.

21              Seventh Circuit Pattern Instruction 1.09 reads,

22   "You will recall that during the course of this trial I

23   instructed you that I admitted certain evidence for a

24   limited purpose.  You must consider this evidence only

25   for the limited purpose for which it was admitted."
```

Park v. Secolsky & Stake, No. 15-2136 -- Jury Trial Excerpt (8/24/18)

```
1              I do recall on several occasions Mr. Brinkmann
2   asked me for that limiting instruction, and I did that;
3   so I believe that instruction would be appropriate.
4              Do you agree, Mr. Mickunas?
5              MR. MICKUNAS:  I do, Your Honor.
6              THE COURT:  Mr. Brinkmann?
7              MR. BRINKMANN:  Yes.
8              THE COURT:  Mr. Secolsky?
9              MR. SECOLSKY:  Yes.
10             THE COURT:  I think that will go immediately
11  before Court's 9, so we'll call it Court's 8A.  It will
12  be between Court's 8 and Court's 9.
13             Agreeable, Mr. Mickunas?
14             MR. MICKUNAS:  Yes, Your Honor.
15             THE COURT:  Mr. Brinkmann?
16             MR. BRINKMANN:  Yes.
17             THE COURT:  Mr. Secolsky?
18             MR. SECOLSKY:  Yes.
19             THE COURT:  Okay.  Let me write myself a note.
20                (Brief pause in proceedings.)
21             THE COURT:  All right.  Let's move on to
22  Court's 10.  Any objection?
23             MR. MICKUNAS:  No objection.
24             MR. BRINKMANN:  No objection.
25             MR. SECOLSKY:  No objection.
```

Park v. Secolsky & Stake, No. 15-2136 -- Jury Trial Excerpt (8/24/18)

```
 1              THE COURT:  Given.

 2         Court's 11.

 3              MR. MICKUNAS:  No objection.

 4              MR. BRINKMANN:  No objection.

 5              MR. SECOLSKY:  No objection.

 6              THE COURT:  Given.

 7         Court's 12.

 8              MR. MICKUNAS:  No objection.

 9              MR. BRINKMANN:  No objection.

10              MR. SECOLSKY:  No objection.

11              THE COURT:  Given.

12         Court's 13.

13              MR. MICKUNAS:  No objection.

14              MR. BRINKMANN:  No objection.

15              MR. SECOLSKY:  No objection.

16              THE COURT:  Given.

17         Court's 14.

18              MR. MICKUNAS:  No objection.

19              MR. BRINKMANN:  No objection.

20              MR. SECOLSKY:  No objection.

21              THE COURT:  I am -- Mr. Mickunas, is it your

22    belief that we had testimony concerning Mr. Secolsky

23    having retained counsel earlier?  I think that's in the

24    record.

25              MR. MICKUNAS:  It was mentioned.  Yes.
```

Park v. Secolsky & Stake, No. 15-2136 -- Jury Trial Excerpt (8/24/18)

1              THE COURT:  Do you agree, Mr. Brinkmann?

2              MR. BRINKMANN:  In discussing a deposition --

3              THE COURT:  Yes, yes.  It was.  Yes.  Thank

4      you.  Thank you, sir.  You're correct.

5              All right.  Then I will give this.  I was

6      thinking I had to change it, but I do recall there was

7      evidence -- never mind.  That's fine.

8              With no objection by any party, it will be

9      given.

10             Court's 15.

11             MR. MICKUNAS:  No objection.

12             MR. BRINKMANN:  No objection.

13             MR. SECOLSKY:  No objection.

14             THE COURT:  Given.

15             Court's 16.

16             MR. MICKUNAS:  No objection.

17             MR. BRINKMANN:  No objection.

18             MR. SECOLSKY:  No objection.

19             THE COURT:  Given.

20             MR. SECOLSKY:  There's no 17.

21             THE COURT:  We've taken out Court's 17.

22             Court's 18.

23             MR. MICKUNAS:  No objection.

24             MR. BRINKMANN:  No objection.

25             MR. SECOLSKY:  No objection.

Park v. Secolsky & Stake, No. 15-2136 -- Jury Trial Excerpt (8/24/18)

1           THE COURT:  Given.

2           Court's 19.

3           MR. MICKUNAS:  No objection.

4           MR. BRINKMANN:  No objection.

5           MR. SECOLSKY:  Hold on.

6           THE COURT:  Wait a second.  I took out 19.  I

7   had to change it to 20.  We're actually discussing 20.  I

8   didn't mean to -- that wasn't a trick.  It skips from

9   Court's 18 to Court's 20.

10          Any objection, Mr. Mickunas?

11          MR. MICKUNAS:  No objection.

12          MR. BRINKMANN:  No objection.

13          MR. SECOLSKY:  No objection.

14          THE COURT:  Given.

15          Court's 21.

16          MR. MICKUNAS:  No objection.

17          MR. BRINKMANN:  No objection.

18          MR. SECOLSKY:  No objection.

19          THE COURT:  Given.

20          Court's 22.

21          MR. MICKUNAS:  No objection.

22          MR. BRINKMANN:  No objection.

23          MR. SECOLSKY:  No objection.

24          THE COURT:  Given.

25          Court's 23, which is a -- the identification as

1  to Court's 23 is on the second page of this instruction.

2  Any objection, Mr. Mickunas?

3          MR. MICKUNAS:  I'm sorry, Your Honor.  My

4  page -- Court 23 is blank.

5          THE COURT:  Okay.  Court's 23, if you look on

6  page 21, that's the body of the instruction.  If you look

7  on page 22, that is the part that identifies it as

8  Court's 23.

9          MR. MICKUNAS:  Oh, yes.

10          THE COURT:  Do you follow me now?

11          MR. MICKUNAS:  No objection.

12          THE COURT:  All right.

13          Mr. Brinkmann?

14          MR. BRINKMANN:  I'm sorry.  No objection.

15          MR. SECOLSKY:  I'm still reading.

16          THE COURT:  Take your time.

17          MR. SECOLSKY:  This is a big one.

18          THE COURT:  Take your time.

19          MR. SECOLSKY:  Give me 30 seconds -- 10

20  seconds, 10 seconds.

21          THE COURT:  However long you need.

22              (Brief pause in proceedings.)

23          MR. SECOLSKY:  No objection.

24          THE COURT:  All right.  Court's 23 will be

25  given.

```
1                    Court's 24.

2                    MR. MICKUNAS:  No objection.

3                    MR. BRINKMANN:  No objection.

4                    MR. SECOLSKY:  No objection.

5                    THE COURT:  Given.

6                    Court's 25A.

7                    MR. MICKUNAS:  No objection.

8                    MR. BRINKMANN:  No objection.

9                    MR. SECOLSKY:  No objection.

10                   THE COURT:  Given.

11                   Court's 25B.

12                   MR. MICKUNAS:  No objection.

13                   MR. BRINKMANN:  No objection.

14                   MR. SECOLSKY:  Not ready; not ready.

15                   THE COURT:  Take your time.

16                      (Brief pause in proceedings.)

17                   MR. SECOLSKY:  No objection.

18                   THE COURT:  Given.

19                   Court's 26A.

20                   MR. MICKUNAS:  26A1?

21                   THE COURT:  26A1, pardon me.

22                   MR. MICKUNAS:  No objection.

23                   MR. SECOLSKY:  No objection.

24                   Oh, he's got to go --

25                   THE COURT:  Mr. Mickunas, do you object?
```

Park v. Secolsky & Stake, No. 15-2136 -- Jury Trial Excerpt (8/24/18)

1          MR. MICKUNAS:  I'm sorry, Your Honor?

2          COURT REPORTER:  He said "no."

3          THE COURT:  Oh, you did say "no objection"?  I

4   beg your pardon.

5          26A1 will be given.

6          COURT REPORTER:  Mr. Brinkmann didn't answer on

7   the record.

8          THE COURT:  Mr. Brinkmann, did you indicate you

9   had no objection to 26A1?

10          MR. BRINKMANN:  Yes.  Sorry.

11          THE COURT:  Court's 26A2.

12          MR. MICKUNAS:  No objection.

13          MR. BRINKMANN:  No objection.

14          MR. SECOLSKY:  No objection.

15          THE COURT:  Given.

16          26B.

17          MR. MICKUNAS:  No objection.

18          MR. BRINKMANN:  No objection.

19              (Brief pause in proceedings.)

20          MR. SECOLSKY:  No objection.

21          THE COURT:  Given.

22          27A.

23              (Brief pause in proceedings.)

24          MR. MICKUNAS:  No objection.

25          MR. BRINKMANN:  No objection.

```
1                    (Brief pause in proceedings.)

2              MR. SECOLSKY:  No objection.

3              THE COURT:  Given.

4              Court's 27B.

5                    (Brief pause in proceedings.)

6              MR. MICKUNAS:  Sorry.  Which --

7              THE COURT:  27B, Mr. Mickunas, begins on

8    page 30, and the identification is at the top of page 31.

9              MR. MICKUNAS:  Oh, no objection.

10             MR. BRINKMANN:  No objection.

11             MR. SECOLSKY:  No objection.

12             THE COURT:  Given.

13             Court's 28A.

14             MR. MICKUNAS:  No objection.

15             MR. BRINKMANN:  No objection.

16                   (Brief pause in proceedings.)

17             MR. SECOLSKY:  No objection.

18             THE COURT:  Given.

19             Court's 28B.

20                   (Brief pause in proceedings.)

21             MR. MICKUNAS:  No objection.

22             MR. BRINKMANN:  No objection.

23                   (Brief pause in proceedings.)

24             MR. SECOLSKY:  No objection.

25             THE COURT:  Given.
```

Park v. Secolsky & Stake, No. 15-2136 -- Jury Trial Excerpt (8/24/18)

```
 1              Court's 29, which begins on page 35 and
 2    continues on to page 36.
 3              MR. MICKUNAS:  No objection.
 4              MR. BRINKMANN:  No objection.
 5                 (Brief pause in proceedings.)
 6              MR. SECOLSKY:  Can I ask a question?
 7              THE COURT:  Yes.
 8              MR. SECOLSKY:  Am I all right?  Am I all right?
 9              Where it says:  All the evidence has to -- in
10    consideration of all the evidence, each of the
11    propositions has to be proved against me, then the
12    verdict should be for Hye-Young Park.
13              THE COURT:  Yes.
14              MR. SECOLSKY:  And if not, the verdict should
15    be for me.
16              THE COURT:  That's correct.
17              MR. SECOLSKY:  No objection.
18              THE COURT:  You were reading from the -- you
19    were looking down and reading from the last two
20    paragraphs of that instruction, --
21              MR. SECOLSKY:  Yes.
22              THE COURT:  -- correct?
23              All right.  Then it will be given since there
24    was no objection by anybody.
25              Court's 30.
```

Park v. Secolsky & Stake, No. 15-2136 -- Jury Trial Excerpt (8/24/18)

```
 1              MR. MICKUNAS:  No objection.

 2              MR. BRINKMANN:  No objection.

 3              MR. SECOLSKY:  Hold on.

 4                   (Brief pause in proceedings.)

 5              MR. SECOLSKY:  No objection.

 6              THE COURT:  It will be given.

 7              All right.  The next instruction is -- it's

 8   Court's 30A.  It does not have identification at the

 9   bottom; that was evidently cut off in the printer.  It's

10   Court's 30A.  It begins with the sentence, "In Count IX,

11   Plaintiff Hye-Young Park claims that Charles Secolsky

12   deprived her of her constitutional right of equal

13   protection under the 14th Amendment.  To succeed on this

14   claim, Plaintiff must prove each of the following

15   propositions by a preponderance of the evidence."

16              Mr. Mickunas, have you identified which

17   instruction I'm talking about?

18              MR. MICKUNAS:  I haven't located that, Your

19   Honor.

20              THE COURT:  It's on page 38.

21              MR. MICKUNAS:  Page 38.

22              THE COURT:  The jury instructions are numbered

23   at the bottom.

24              MR. MICKUNAS:  Yes.  I have that.

25              And continuing to the next page?
```

Park v. Secolsky & Stake, No. 15-2136 -- Jury Trial Excerpt (8/24/18)

```
1              THE COURT:  The next page is actually

2   another --

3              MR. MICKUNAS:  Oh, another one.

4              THE COURT:  -- instruction.

5              MR. MICKUNAS:  So as far as page 38, no

6   objection.

7              MR. BRINKMANN:  No objection.

8              MR. SECOLSKY:  Shouldn't it be state law?

9   "First, Charles Secolsky acted under color of state law"?

10  Or not?

11             THE COURT:  We don't define what "the color of

12  law" is.  It's either state, federal.

13             MR. SECOLSKY:  No difference?  Because in the

14  other --

15             THE COURT:  It has to be "under the color of

16  law."

17             MR. SECOLSKY:  Okay, just "the color of law."

18  Okay.  I just asked the question.  I was just curious.

19             THE COURT:  Right.

20                 (Brief pause in proceedings.)

21             THE COURT:  Mr. Secolsky, if you would like me

22  to add "state law," --

23             MR. SECOLSKY:  No.  They get it.  The jury will

24  get it.

25             THE COURT:  All right.  I would put in "state
```

Park v. Secolsky & Stake, No. 15-2136 -- Jury Trial Excerpt (8/24/18)

1  law" if that's what you want, but you indicate you don't

2  care.

3            MR. SECOLSKY:  I didn't hear that.

4            THE COURT:  It's fine as it is?

5            MR. SECOLSKY:  Yeah.  It's fine.  I think I --

6  I worded that a number of times.  In my closing argument,

7  I'll make the point, --

8            THE COURT:  All right.

9            MR. SECOLSKY:  -- state law.

10           THE COURT:  All right.  So 30A, which is

11  page 38, will be given.

12           Court's 31.

13           Mr. Mickunas, any objection?

14           MR. MICKUNAS:  You've eliminated the specific

15  bullet points that I had included in my suggested --

16           THE COURT:  We took those out.  That seemed,

17  based on the evidence offered, that that would be more

18  confusing to the jury than instructive.

19           MR. MICKUNAS:  Okay.

20           THE COURT:  Other than that, you should find

21  your proposed instruction, essentially, intact.

22           MR. MICKUNAS:  No objection.

23           THE COURT:  All right.  Mr. Brinkmann.

24           MR. BRINKMANN:  No objection, Your Honor.

25           THE COURT:  Mr. Secolsky.

Park v. Secolsky & Stake, No. 15-2136 -- Jury Trial Excerpt (8/24/18)

1          MR. SECOLSKY:  You're on 31, right?

2          THE COURT:  We're on Court's 31.  It starts at

3    the bottom --

4          MR. SECOLSKY:  I have a question about 30, on

5    page 39.  I'm still reading it.  Is that all right?

6          THE COURT:  All right.  30 -- when you're

7    looking at page 39, Mr. Secolsky, 39 and 40 are all the

8    same instruction.

9          MR. SECOLSKY:  Oh, okay.  Go on.

10          THE COURT:  That's all Court's 31.

11          MR. SECOLSKY:  All right.

12              (Brief pause in proceedings.)

13          MR. SECOLSKY:  Can you explain the dollar

14    thing -- the dollar thing?

15          I says, "If you find in favor of Hye-Young Park

16    but find that Hye-Young Park has failed to prove

17    compensatory damages, you must award nominal damages of

18    $1."

19          I brought up this in my arg-- in my evidence,

20    the thing where two people -- just a touch of the hand,

21    the damage would be zero.  Normally, is it legal, legal

22    argument -- a legal rule that it's $1 nominally?

23          THE COURT:  The, if I understand what you're

24    asking me, the $1 figure, the nominal amount, it is a way

25    of having the jury indicate that they believe you

Park v. Secolsky & Stake, No. 15-2136 -- Jury Trial Excerpt (8/24/18)

1   deprived -- that the plaintiff was deprived of a, of some

2   type of federal right, even where no injury occurred.

3           MR. SECOLSKY:  They're just reading it?  They

4   have to make a decision on that or just reading it?  Is

5   that something that they'll have to think about and weigh

6   or decide?  Or that's something automatic, that there's

7   no compensatory damages?

8           THE COURT:  We're straying from procedural help

9   into substantive help.  I'm not sure I understand what

10  you're -- I'll try to help you.  You're asking me:  Can

11  you argue that?

12          MR. SECOLSKY:  No, no.  I'm just asking:  So if

13  they -- oh, I see.  If they decide in my favor, the

14  dollar doesn't apply.  I'm just confused about the dollar

15  thing.

16          THE COURT:  Yes.

17          MR. SECOLSKY:  If they decide in my favor

18  and -- there's no compensatory damages for her and decide

19  in my favor, then the dollar doesn't apply.  Is that

20  true?

21          THE COURT:  If they find that she was deprived

22  of a constitutional right but there was no actual damage,

23  compensatory damage -- no actual injury, I should say --

24  then the jury should award her $1.

25          If they find -- if they find absolutely in your

Park v. Secolsky & Stake, No. 15-2136 -- Jury Trial Excerpt (8/24/18)

```
 1  favor, then they award nothing.

 2          MR. SECOLSKY:  If they find absolutely?  I'm

 3  sorry.  I didn't hear you.  I apologize.

 4          THE COURT:  If they find in your favor --

 5          MR. SECOLSKY:  Uh-huh.

 6          THE COURT:  -- so that, that would be:  As to

 7  Count IX, if they find that you did not deprive her of a

 8  federal constitutional right through the alleged sexual

 9  harassment, then there are no damages at all.

10          MR. SECOLSKY:  Thank you.

11          THE COURT:  All right.  Do you have an --

12          MR. SECOLSKY:  I, I --

13          THE COURT:  Do you have any objection --

14          MR. SECOLSKY:  No objection.

15          THE COURT:  -- to Court's 31?

16          All right.  31 will be given.

17          Court's 32 I took out, based on the evidence.

18          Court's 33.  Court's 33 is, begins on page 40;

19  it ends on page 41.

20          MR. MICKUNAS:  No objection.

21          MR. BRINKMANN:  No objection.

22          MR. SECOLSKY:  No objection.

23          THE COURT:  Given.

24          Court's 34.

25          MR. MICKUNAS:  No objection.
```

Park v. Secolsky & Stake, No. 15-2136 -- Jury Trial Excerpt (8/24/18)

1            MR. BRINKMANN:  Your Honor, in the -- I do have

2    an objection.  This is not consistent with the, the

3    allegations in the complaint.

4            In the complaint, the allegation in paragraph

5    151 on the hate crime is that the battery against Park

6    was motivated in whole or in part by Park's "gender and

7    national origin."  This says "gender or national origin."

8    I think it should be consistent with what was in the

9    complaint.

10           THE COURT:  Mr. Mickunas, before I rule, I'll

11   let you respond.

12           MR. MICKUNAS:  I'm sorry, Your Honor?

13           THE COURT:  Do you wish to respond?

14           MR. MICKUNAS:  Yes.  I think that the

15   complaint -- the complaint has no bearing on what should,

16   should be in the instruction.  The instruction is, is in

17   accordance with the law.

18           THE COURT:  The Court overrules the objection.

19   It will be given over objection.  In that instance, the

20   complaint does use the "and"; it does use the

21   conjunctive.  You're allowed to charge in the conjunctive

22   and prove in the disjunctive, so it will be given over

23   objection.

24           All right.  Court's 35.

25           Oh, I'm sorry.  Mr. Secolsky, do you object

Park v. Secolsky & Stake, No. 15-2136 -- Jury Trial Excerpt (8/24/18)

```
 1  to --

 2          MR. SECOLSKY:  No objection.

 3          THE COURT:  -- the Court's 34?

 4          MR. SECOLSKY:  No objection.

 5          THE COURT:  All right.  Court's 35.

 6             (Brief pause in proceedings.)

 7          MR. MICKUNAS:  No objection.

 8          MR. BRINKMANN:  No objection.

 9          MR. SECOLSKY:  No objection.

10          THE COURT:  35 will be given.

11          Court's 36 begins on the bottom of page 44 and

12  continues on to 4-- excuse me, begins on page 44 and ends

13  at the top of page 45.

14             (Brief pause in proceedings.)

15          MR. MICKUNAS:  I'd like to refer to the actual

16  verdict form to consider this, Your Honor.

17             (Brief pause in proceedings.)

18          MR. MICKUNAS:  I wonder if there's a separate

19  notation in the verdict form for loss of enjoyment of

20  life.

21          THE COURT:  No.

22          MR. MICKUNAS:  We would ask that "loss of

23  enjoyment of life" be considered as a compensatory -- as

24  compensatory damages.  Move to amend to add "loss of

25  enjoyment of life."
```

Park v. Secolsky & Stake, No. 15-2136 -- Jury Trial Excerpt (8/24/18)

```
 1              THE COURT:  All right.  Have you jumped ahead
 2   to the verdict form, or are you talking about the Seventh
 3   Circuit's pattern instruction, which is Court's 36?
 4              MR. MICKUNAS:  Well, the pattern instruction
 5   does mention "loss of a normal life," so --
 6              THE COURT:  Correct.
 7              MR. MICKUNAS:  -- I would accept that.  No
 8   objection to the instruction.
 9              THE COURT:  That's why, actually, you confused
10   me.  I thought you were asking me to rule on the verdict
11   form.  We're not there yet.
12              All right.  You have, you have no objection to
13   Court's 36?
14              MR. MICKUNAS:  No objection from me.
15              THE COURT:  Mr. Brinkmann.
16              MR. BRINKMANN:  I object, Your Honor.  I think
17   paragraph 2, which is on page 45 mentioning "reasonable
18   value of medical care," that's not in evidence in this
19   case.  There needs to be testimony as to that, that
20   issue, reasonable value of medical care.
21              The jury would be speculating if they were to
22   try to award some amount of money for medical care.
23   There is no testimony that she is reasonably certain to
24   need such care in the future.  And, again, it would be
25   speculation by the jury to make an award for that
```

Park v. Secolsky & Stake, No. 15-2136 -- Jury Trial Excerpt (8/24/18)

1    element.

2              I would ask that paragraph 2 be deleted.

3              THE COURT:  Mr. Mickunas, do you want to

4    respond?

5              MR. MICKUNAS:  It's true we have not asked for

6    any medical damages, medical expenses, so I -- I would

7    concur.

8              THE COURT:  All right.  What I'll do,

9    gentlemen, is we're going to take out -- oh,

10   Mr. Secolsky, I continue to -- beg your pardon.  I

11   keep --

12             MR. SECOLSKY:  Yes.  I'm going back to

13   paragraph 1 on that -- Mr. Mickunas raised the loss of

14   enjoyment of life.

15             THE COURT:  Yes.

16             MR. SECOLSKY:  He, he retracted that, didn't

17   he?

18             THE COURT:  He does not object to that being

19   included, no.  He withdrew his -- he didn't --

20             MR. SECOLSKY:  Loss of a normal life has

21   been -- okay.

22             THE COURT:  He indicated that it was a pattern

23   instruction.  It had the -- he understood that, as far as

24   I could tell, and he did not object to paragraph 1.

25             Now Mr. Brinkmann has objected to paragraph 2,

Park v. Secolsky & Stake, No. 15-2136 -- Jury Trial Excerpt (8/24/18)

1   and Mr. Mickunas has concurred that paragraph 2 should be

2   withdrawn.

3            MR. SECOLSKY:  I have no objection to what's

4   been stated before me.

5            THE COURT:  All right.  So, gentlemen, what

6   I'll do is we'll take out the "1" before the paragraph 1.

7   The number "1" we'll remove.  And then we'll strike out

8   paragraph 2 in its entirety so it's one clean, smooth

9   instruction.

10           Is that agreeable, Mr. Mickunas?

11           MR. MICKUNAS:  Yes, it is, Your Honor.

12           THE COURT:  Mr. Brinkmann?

13           MR. BRINKMANN:  Yes.

14           THE COURT:  Mr. Secolsky?

15           MR. SECOLSKY:  Okay.

16           THE COURT:  So it will be given as modified.

17           Court's 37.

18           MR. MICKUNAS:  Your Honor, we'd object to

19   including the phrase at the end of the last sentence.  It

20   must be -- the portion "and in proportion to the actual

21   and potential harm suffered by the plaintiff."  That's an

22   optional phrase, and I believe there's commentary in the

23   IPI on that that would apply here.

24           THE COURT:  I think you may be correct.

25           Mr. Brinkmann, do you agree?

Park v. Secolsky & Stake, No. 15-2136 -- Jury Trial Excerpt (8/24/18)

```
 1            MR. BRINKMANN:  Yes.

 2            THE COURT:  All right.  Mr. Secolsky, did you

 3    hear what Mr. Mickunas and Mr. Brinkmann -- Mr. Mickunas

 4    said and Mr. Brinkmann just agreed?  We're going to take

 5    out the last -- the very last sentence of the

 6    instruction.

 7            MR. SECOLSKY:  On page 47?

 8            THE COURT:  On page 47.

 9            Do you agree with that?

10            MR. SECOLSKY:  The last sentence, you say?

11            THE COURT:  Yes.

12            MR. SECOLSKY:  "The amount of punitive

13    damages" --

14            THE COURT:  So Mr. Mickunas has asked that that

15    be withdrawn.  It's, it's optional.  It's language

16    that -- the pattern instruction discusses when to use it,

17    when not.  Mr. Mickunas believes this is not a situation

18    that would apply.  Mr. Brinkmann also agreed with that.

19            MR. SECOLSKY:  I'd like to keep it in.

20            THE COURT:  All right.  I'm going to strike

21    that last sentence out over your objection.  It is, it

22    is -- looking at the pattern instruction --

23                (Brief pause in proceedings; the Court is

24                talking privately with his law clerk.)

25            THE COURT:  All right.  I'll come back to that
```

```
1   in just a moment and make a record as to why I believe --

2   we're grabbing the Illinois Pattern Instruction book off

3   of my desk.

4            In the meantime, 37.5, any objection?

5            MR. MICKUNAS:  No objection.

6            MR. BRINKMANN:  No objection.

7               (Brief pause in proceedings.)

8            THE COURT:  Mr. Secolsky?

9               (Brief pause in proceedings.)

10           MR. SECOLSKY:  No objection.

11           THE COURT:  Okay.  It will be given.

12           Court's 38.

13           MR. MICKUNAS:  No objection.

14           MR. BRINKMANN:  No objection.

15           MR. SECOLSKY:  No objection.

16           THE COURT:  Given.

17           Court's 39.

18           MR. MICKUNAS:  No objection.

19           MR. BRINKMANN:  No objection.

20           MR. SECOLSKY:  No objection.

21           THE COURT:  Given.

22           Court's 40.

23           MR. MICKUNAS:  No objection.

24           MR. BRINKMANN:  No objection.

25           MR. SECOLSKY:  No objection.
```

1          THE COURT:  Given.

2          Court's 41.

3          MR. MICKUNAS:  No objection.

4          MR. BRINKMANN:  No objection.

5          MR. SECOLSKY:  No objection.

6          THE COURT:  Given.

7          Then we have the Court's synthesis of the

8   various verdict forms that were provided by the parties.

9   You'll find that, in fact, it encompasses various aspects

10  of all the parties' forms that were proposed.

11         MR. SECOLSKY:  I have a question.

12         THE COURT:  Yes, Mr. Secolsky.

13         MR. SECOLSKY:  It says -- Robert's -- the

14  plaintiff versus Robert Stake and Charles Secolsky; and

15  then Charles Secolsky's counts come first.  Should you

16  put mine first alphabetically or something, just to be

17  consistent?  I know that sounds --

18         THE COURT:  In the caption, I believe, your

19  name is above Mr. Stake's.

20         Is that correct, Mr. Mickunas?  Or is it the

21  other way?

22         I can look it up.

23         MR. MICKUNAS:  I don't recall.

24         THE COURT:  Secolsky is first.  Yeah, we'll

25  have to -- we'll swap that around in the verdict form.

Park v. Secolsky & Stake, No. 15-2136 -- Jury Trial Excerpt (8/24/18)

```
 1            MR. SECOLSKY:  It's alphabetical, right?

 2            THE COURT:  No.  It's in the order in which it

 3   was charged in the -- alleged in the complaint.  So we'll

 4   fix that.

 5            MR. MICKUNAS:  Your Honor, my only objection --

 6   well, two objections.  One is --

 7            THE COURT:  Take your time.  I -- if you didn't

 8   object or Mr. Brinkmann didn't object, I'd be shocked

 9   since I synthesized all of your proposed verdict forms.

10   Everybody wants theirs, and I decided I would be Solomon

11   and try and work something out.

12            MR. MICKUNAS:  My first objection is to

13   separating the compensatory damages as to Secolsky and

14   Stake.  I believe the injuries here are indivisible.

15   It's not possible to say that one act of Stake caused

16   this emotional injury, and one act of Secolsky caused

17   that portion of the emotional injury.  It's simply

18   indivisible, and the compensatory damages should be given

19   as a sum total with a percentage that the jury can

20   allocate between the two.

21            THE COURT:  Mr. Brinkmann, your response?

22            MR. BRINKMANN:  Yes, Your Honor.  There are

23   discrete and different claims in this case with respect

24   to the conduct of the two defendants, and they're

25   unrelated.  The plaintiff has to prove as to each
```

Park v. Secolsky & Stake, No. 15-2136 -- Jury Trial Excerpt (8/24/18)

1    defendant what injuries that defendant caused, and to

2    bunch them together would be highly prejudicial to both

3    defendants.  So I think that this is the proper way to do

4    it.

5              THE COURT:  Mr. Secolsky.

6                  (Brief pause in proceedings.)

7              THE COURT:  Mr. Secolsky, did you hear what Mr.

8    Mickunas --

9              MR. SECOLSKY:  Somehow I fouled up.

10             THE COURT:  Did you understand what Mr.

11   Brinkmann said?

12                 (Brief pause in proceedings.)

13             THE COURT:  Do you have an objection --

14             MR. SECOLSKY:  No.

15             THE COURT:  -- or commentary in response to

16   what Mr. Mickunas said?

17             MR. SECOLSKY:  Can they repeat it?  I'm sorry.

18   I was reading -- there's so much to read here.

19             THE COURT:  That's fine.  Take your time.

20   I'm --

21             MR. SECOLSKY:  I read it.  I read it.  I just

22   want to know what their objection was.

23             THE COURT:  All right.  Mr. -- if I can

24   summarize -- Mr. Mickunas, I'm trying to help out

25   Mr. Secolsky; so if I misstate something, let me know.

Park v. Secolsky & Stake, No. 15-2136 -- Jury Trial Excerpt (8/24/18)

1    And, likewise, Mr. Brinkmann.

2              Mr. Mickunas is trying to say he would like to

3    have one line for compensatory damages for both you and

4    Mr. Stake, not having it split up between the defendants,

5    between you and Mr. Stake.  He wants, he wants it all

6    together.

7              Is that a fair summary?

8              MR. MICKUNAS:  Yes, it is, Your Honor.

9              THE COURT:  Mr. Brinkmann has opined that the

10   incidents between the plaintiff and you and the incidents

11   between the plaintiff and Mr. Stake are separate and

12   distinct.  I think he used the word "discrete."  They are

13   separate things.  So he believes the jury should decide

14   as to each defendant.

15             He indicated he thought it would be prejudicial

16   to both his client and you to lump them together as Mr.

17   Mickunas suggested.

18             MR. SECOLSKY:  I, I go for keeping them

19   separate.

20             THE COURT:  All right.  Mr. Brinkmann, did I do

21   an accurate job of --

22             MR. BRINKMANN:  Yes, you did.

23             THE COURT:  Thank you.

24             All right.  So, Mr. Mickunas, your objection is

25   overruled.  I think it is -- based on the evidence that's

Park v. Secolsky & Stake, No. 15-2136 -- Jury Trial Excerpt (8/24/18)

1    been presented during this trial, it would be more

2    appropriate to separate them; so we're going to leave

3    that part of the verdict form intact.

4            Did you have -- I'm sorry, Mr. Mickunas.  Did

5    you indicate you have one other objection, or is that it?

6            MR. MICKUNAS:  No.  I'm noting it in the

7    previous instruction.  This was covered, the loss of a

8    normal life.  So no, no further objection.

9            THE COURT:  All right.  So it will be given

10   over your, your -- I'm sorry.

11           Mr. Brinkmann, do you have any additional

12   objections, or is the verdict form fine as far as you're

13   concerned?

14           MR. BRINKMANN:  It's fine.

15           THE COURT:  Mr. --

16           MR. SECOLSKY:  No objection.

17           THE COURT:  -- Secolsky?

18           MR. SECOLSKY:  No objection.

19           THE COURT:  All right.  We're going to

20   correct -- we're all clear that the Court will correct to

21   put Mr. Secolsky's name ahead of Mr. Stake in the

22   caption.  Is that understood, Mr. Mickunas?

23           MR. MICKUNAS:  Yes, Your Honor.

24           I -- just one comment.  It -- would it be, in

25   order to avoid confusion that may be there among the

Park v. Secolsky & Stake, No. 15-2136 -- Jury Trial Excerpt (8/24/18)

1   jurors, would it be worthwhile to spell out the name of

2   the plaintiff and the name of the defendant, rather than

3   "plaintiff"/"defendant" on the "check one" line in each

4   case?

5                    (Brief pause in proceedings.)

6            THE COURT:  Well, it says right above there --

7   before each of the sections of the verdict form where the

8   instructions --

9            MR. MICKUNAS:  Sure.

10            THE COURT:  -- are for the jury to check one,

11   it does say what they're talking about, which count; and

12   it does identify which defendant.

13            I presume that -- I give the credit -- I give

14   credit to the jury that they can figure that out.

15            MR. MICKUNAS:  That they can read.

16            THE COURT:  That's pretty routine.

17            MR. MICKUNAS:  Just a suggestion so that they

18   don't have to make that leap of logic.

19            THE COURT:  All right.

20            And I didn't check:  Do we have enough

21   signature lines?

22                    (Brief pause in proceedings.)

23            THE COURT:  Yes.  We have ten jurors and ten

24   signature lines, so that's not a problem.

25            All right.  Mr. Brinkmann, do you have any

Park v. Secolsky & Stake, No. 15-2136 -- Jury Trial Excerpt (8/24/18)

1   objection to the verdict form?

2           MR. BRINKMANN:  I don't, but I do have another

3   question when we're done with that.

4           THE COURT:  All right.

5           Mr. Stake, do you have any -- Mr. Stake.

6           Mr. Secolsky, do you have any objection to the

7   verdict form?

8           MR. SECOLSKY:  No.

9           THE COURT:  All right.  Let me go back to my

10  reason for taking out the last sentence on Court's 37,

11  IPI Pattern Instruction -- Illinois Pattern Instruction

12  35.  I take it from -- in the "Notes on Use" section in

13  the pattern instructions, revised January 2007, directly

14  above the "Comment" in the Notes, it indicates, "The idea

15  of proportionality of the punitive award to the

16  compensatory award is expressed in a case, State Farm v.

17  Campbell, and another case called BMW v. Gore."  So we

18  could, we could do it.

19          But in this case, because of the nature of the

20  evidence and reading both State Farm v. Campbell and BMW

21  v. Gore, the Court believed that it was more appropriate

22  that that not be included.  As a matter of fact, it was

23  absent from the Court's, one of the Court's original

24  drafts, and it slipped back in there.

25          But the basis is that I'm relying on the

1    language of <u>State Farm v. Campbell</u> and <u>BMW v. Gore</u>.

2              Okay.  Just a second.

3                   (Brief pause in proceedings.)

4              THE COURT:  All right.  Any other additions,

5    objections -- anything else concerning the Court's jury

6    instructions you wish to put on the record, Mr. Mickunas?

7              MR. MICKUNAS:  No, nothing, Your Honor.

8              THE COURT:  Mr. Brinkmann?

9              MR. BRINKMANN:  No, Your Honor.

10             THE COURT:  Mr. Secolsky?

11             MR. SECOLSKY:  No, Your Honor.

12             THE COURT:  All right.  I'm going to hand these

13   to my law clerk so they can begin making the

14   modifications we suggested and agreed to.

15                   (Jury instruction conference between Court

16                   and counsel concludes, 12:18 p.m.)

17

18                   *  *  *  *  *  *  *  *  *  *

19

20                   <u>REPORTER'S CERTIFICATE</u>

21        I, LISA KNIGHT COSIMINI, RMR-CRR, hereby certify
     that the foregoing is a correct transcript from the
22   record of proceedings in the above-entitled matter.

23        Dated this 5th day of October, 2018.

24        _____    s/Lisa Knight Cosimini_____
                   Lisa Knight Cosimini, RMR-CRR
25                 Illinois License # 084-002998