IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

HYE-YOUNG PARK, a/k/a LISA PARK, )
)
   Plaintiff, )
)
   v. ) Case No.:15-cv-2136
)
MICHAL T. HUDSON, individually, )
HEIDI JOHNSON, individually, )
CHARLES SECOLSKY, individually, )
ROBERT STAKE, individually, )
and THE BOARD OF TRUSTEES OF THE )
UNIVERSITY OF ILLINOIS, )
)
   Defendants. )
)

**<u>PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR JUDGMENT AGAINST J.P. MORGAN CHASE BANK, AND FOR EXTENSION OF CITATION PROCEEDINGS</u>**

NOW COMES the Plaintiff/Judgment Creditor, HYE-YOUNG PARK ("Park") by her attorney, M. Dennis Mickunas, and respectfully submits this Memorandum in Support of her Motion for Judgment against third party citation respondent J.P. Morgan Chase Bank ("Chase") for violating 735 Ill. Comp. Stat. § 5/2-1402 during the post-judgment supplementary proceedings in this case, and also for an Extension of Citation Proceedings pursuant to Ill. S. Ct. R. 277(f), and states as follows:

### BACKGROUND

1.    On October 29, 2018, Amended Judgment (ECF #283) was entered in favor of Plaintiff/Judgment Creditor Park, and against Defendant/Judgment Debtor CHARLES

SECOLSKY ("Secolsky") for damages, costs and attorney fees in the amount of $603,204.20.  The judgment remains unsatisfied.

2.      On November 4, 2019, pursuant to Fed. R. Civ. Proc. 69(a) and 735 ILCS § 5/2-1402 *et seq.* Park filed various Citations to Discover Assets, including to Secolsky (ECF #336) and to third party J.P. Morgan Chase Bank (ECF #334). A Citation Hearing was set for December 5, 2019.

3.      The Citation to Secolsky required that he provide copies of his banking records. (ECF #336 p. 4.)

4.      On December 5, 2019, Secolsky failed to appear at the scheduled Citation Hearing. Chase did not personally appear at the Citation Hearing. The Court continued the citation hearing to February 3, 2020. At Secolsky's request, the citation hearing has been rescheduled four additional times, to March 2, 2020, April 20, 2020, July 20, 2020, and August 31, 2020.

5.      From November 2019 through October 15, 2020, both in telephone calls and in emails between Secolsky and Park's counsel, Secolsky repeatedly promised to provide copies of his banking records.

6.      On October 15, 2020, after two further telephone status hearings, and after the Court entered an Order to Show Cause (ECF # 355) against him, Secolsky finally provided the requested bank statements from his J.P. Morgan Chase account.[1]

---

[1] Secolsky provided Park's counsel with temporary electronic access to his J.P. Morgan Chase account, and Park's counsel downloaded the relevant bank statements.

7. On October 15, 2020, for the first time in the 10 ½ months since the Citation filings, Park was able to examine *some* of Secolsky's financial documents.

8. On November 12, 2019, Chase mailed to Park's counsel an Answer to its Citation, (ECF #363-2, "Answer"). In its Answer, Chase acknowledged that the Citation was received by Certified Mail on November 6, 2019 (Answer p. 2). Chase did not file its Answer with the Court.

9. Chase's Answer indicated that Secolsky's account ending in 8658 ("Account 8658") contained only "protected" funds (Answer p. 3).

10. Since the date of Chase's Answer, deposits totaling $4,478.43 have been made into Account 8658. No exemption has been claimed for these funds.

11. Chase has never disclosed to Park any of the nonexempt deposits made into Account 8658.

12. Chase did not place a hold on (or "freeze") any of the nonexempt funds that were deposited into Account 8658, and Chase permitted Secolsky to transfer or dispose of the entirety of those funds.

## LEGAL STANDARD

Federal Rule of Civil Procedure 69 states that "[t]he procedure on execution [of a money judgment] - and in proceedings supplementary to and in aid of judgment or execution - must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Therefore, Illinois law governs post-judgment proceedings in Illinois district courts. *See Bank of Am., N.A.* v. *Veluchamy,* 643 F.3d 185, 188 (7th Cir. 2011); *Soc'y of Lloyd's* v. *Ashenden,* 233

F.3d 473, 475 (7th Cir. 2000); *Resolution Trust Corp.* v. *Ruggiero,* 994 F.2d 1221, 1226 (7th Cir. 1993).

Illinois Supreme Court Rule 277 and 735 ILCS § 5/2-1402 govern supplementary proceedings to enforce a civil judgment. Illinois Supreme Court Rule 277(b) states that a "supplementary proceeding shall be commenced by the service of a citation on the party against whom it is brought." Ill. Sup. Ct. R. 277(b).

Under 735 ILCS § 5/2-1402(f)(1), a "citation may prohibit the party to whom it is directed from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment therefrom." 735 ILCS § 5/2-1402(f)(1). The purpose of this law is to prevent the citation respondent "from transferring funds which may become due to the judgment debtor, in order to [e]nsure that the latter does not abscond with money that is due." *Cacok v. Covington Elec. Co., Inc.,* 111 F.3d 52, 54 (7th Cir. 1997) (quotation marks and citation omitted). Those who fail to comply with the terms of a citation may be sanctioned by the court, and "[t]he court may punish any party who violates the restraining provision of a citation as and for a contempt, or if the party is a third party may enter judgment against him or her in the amount of the unpaid portion of the judgment and costs allowable under this Section, or in the amount of the value of the property transferred, whichever is lesser." 735 ILCS § 5/2-1402(f)(1).

Illinois Supreme Court Rule 277(f) states that "[a] proceeding under this rule continues until terminated by motion of the judgment creditor, order of the court, or satisfaction of the judgment, but terminates automatically 6 months from the date of (1)

4

the respondent's first personal appearance pursuant to the citation or (2) the respondent's first personal appearance pursuant to subsequent process issued to enforce the citation, whichever is sooner. The court may, however, grant extensions beyond the 6 months, as justice may require." Ill. Sup. Ct. R. 277(f). The automatic termination deadline seeks to "avoid undue harassment of a judgment debtor or third party" and ensure that "property does not remain encumbered by liens indefinitely." *Windcrest Dev. Co., Inc.* v. *Giakoumis*, 834 N.E.2d 610, 614, 359 Ill. App. 3d 597, 296 Ill. Dec. 53 (Ill. App. Ct. 2005) (quotation marks and citations omitted).

"Citation proceedings in Illinois are meant to be [a] swift, cheap, [and] informal avenue for discovery of assets of the judgment debtor in order to satisfy an unpaid judgment. In keeping with this purpose, the provisions of Section 2-1402 are to be construed liberally to provid[e] for the discovery of a debtor's assets and income as well as to vest[] the courts with broad powers to compel the application of discovered assets or income to satisfy a judgment." *Flow Capital Corp. v. BESH Holding*, No. 17 CV 810 p. 6, (N.D. Ill. 2020) (quotation marks omitted) (citing *Ruggiero*, 994 F.2d at 1226 (7th Cir. 1993) and *City of Chi. v. Air Auto Leasing Co.*, 697 N.E. 2d 788, 791 (Ill. App. Ct. 1998)).

To recover from Chase, Park "must show only (1) that she has an enforceable judgment, (2) that she properly served a citation upon the bank, and (3) that the bank transferred assets of the judgment debtor in violation of the citation's restraining provision." *Mendez v. Republic Bank*, 725 F.3d 651, 663 (7th Cir. 2013).

## ARGUMENT

The first two prongs required for judgment against Chase are undisputed, namely:

1. Park has an enforceable judgment against Secolsky.

2. Chase was properly served a Citation to Discover Assets.

For the remaining prong, Park argues:

A. The Citation issued by the court to Chase set forth a clear and unequivocal order prohibiting Chase from making or allowing any transfer or other disposition of, or interfering with, any nonexempt assets.

B. Despite this clear prohibition, bank records for Account 8658 show transfers and withdrawals of nonexempt funds that had been deposited into the account, in violation of the Court's command.

C. Chase's violations of the Citation were significant in that:

   a. The failure to freeze $4,478.43 of Secolsky's funds prevented Park from recovering those funds to satisfy her judgment.

   b. The failure to freeze those funds relieved Secolsky from the pressure to cooperate in settlement negotiations.

Park further argues that:

D. Chase's Answer did not constitute a personal appearance, so the Rule 277(f) six-month period has not yet commenced.

E. Chase's violations acted to extend the citation proceedings in that:

    a. Secolsky's repeated delays have acted as automatic extensions as to Secolsky.

    b. Secolsky's delays were enabled by Chase's violations.  Chase's violations were contumacious and worked an injustice against Park, and those repeated violations have acted as automatic extensions as to Chase.

    c. An extension is warranted in the interest of justice.

### A. The Citation to Chase was a Clear and Unambiguous Command.

The Citation to Chase, pursuant to 735 ILCS § 5/2-1402, ordered Chase to produce documents showing funds belonging to Secolsky (ECF #334 p. 1).  The Citation to Chase, consistent with 735 ILCS § 5/2-1402(f)(1), stated:

> "**YOU ARE PROHIBITED** from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to [Secolsky] or to which [Secolsky] may be entitled or which may be acquired by or become due to [Secolsky] and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to [Secolsky], until further order of Court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the judgment." (ECF #334 p. 2) (emphasis in original).

The law is clear that a citation to discover assets prohibits the cited party from transferring not only assets presently in its possession, but also assets "which thereafter may be acquired or come due the judgment debtor and comes into the possession or control of the third party[.]" 735 ILCS § 5/2- 1402(m)(2).  The purpose underlying the restraining provision of § 2-1402 is to provide "a means of forestalling the judgment debtor or a third party from frustrating the supplementary proceedings before the judgment creditor has had an opportunity to reach assets... in the possession of [the]

7

debtor or of a third party … [and] is designed to provide a statutory foundation for an efficient and expeditious procedure for discovery of assets and income of the judgment debtor and compelling their application to the payment of the judgment." *Bank of Aspen v. Fox Cartage, Inc.*, 126 Ill.2d 307, 314 (1989) (quotation marks and citations omitted).

Thus, Chase was required to hold all nonexempt deposits up to a total of $1.2 million, and to ensure that no nonexempt funds were transferred, disposed or, or interfered with in any way.

**B. Chase Violated the Restraining Provisions of the Citation.**

Secolsky's records of his Chase Account 8658, obtained by Park on October 15, 2020, show that:

1. On December 19, 2019, a deposit of $1,800.00 was made into Account 8658. No exemption has been claimed for these funds.

2. On January 29, 2020, a deposit of $378.43 was made into Account 8658. No exemption has been claimed for these funds.

3. On June 17, 2020, a deposit of $2,000.00 was made into Account 8658. No exemption has been claimed for these funds.

4. On August 14, 2020, a deposit of $300.00 was made into Account 8658. No exemption has been claimed for these funds.

The total of these nonexempt deposits was $4,478.43.

Chase permitted Secolsky to transfer or dispose of the entirety of the $4,478.43. Using first-in-first-out tracing, the first deposit of $1,800.00 was fully transferred or disposed of by January 2, 2020, the second deposit of $378.43 by February 18, 2020, the

third deposit of $2,000.00 by July 15, 2020 and the fourth deposit of $300.00 by August 7, 2020.[2]  Chase's transfer of the nonexempt funds was clearly a violation of the restraining provisions of the citation, and the transfers frustrated the very purpose of the citation.  *See City of Chicago v. Air Auto Leasing Co.,* 697 N.E.2d 788, 297 Ill.App.3d 873, 878-9 (Ill. App. 1998). ("The citations do not make any allowance for payment to trade creditors … or any other third parties for any purpose… [S]ervice of a citation to discover assets is clearly designed to ascertain and freeze the judgment debtor's non-exempt assets, up to an amount double the balance due on the judgment.")

### C. Chase's Violations Were Significant.

Chase made no reasonable or diligent effort to comply with the citation or to request an exception to the citation's prohibition against transfers.  *See* 735 ILCS § 5/2-1402(f)(1) (listing exceptions). To the contrary, Secolsky's banking records show that both exempt and nonexempt funds had been previously comingled in Account 8658[3]; yet Chase failed to monitor Account 8658 for any subsequent comingling, frustrating the purpose of the citation. Chase made no attempt whatsoever to monitor Secolsky's accounts.  Chase's failures were not merely negligent but demonstrated willful disregard for Chase's legal obligations, especially considering its knowledge of Secolsky's comingling history.

---

[2] In fact, on August 17, 2020 Account 8658 became overdrawn, meaning that under any tracing methodology,  *all* money in Account 8658, both exempt and nonexempt had been transferred or disposed of by August 17, 2020.

3 For example, on October 10, 2019 – less than 30 days prior to Chase's receipt of its citation -- $96.61 in nonexempt funds were deposited into Account 8648.

As a result of Chase's failure to freeze the nonexempt funds in Account 8658, $4,478.43 in nonexempt funds were disbursed out of that account, and Park could not apply those funds to the balance of her judgment. Had Chase frozen just the first $1,800.00 deposit on December 19, 2019, Secolsky would have been pressured to answer his citation. Secolsky undoubtedly would have filed an emergency motion to release the frozen funds, and these proceedings would have moved forward quickly. Instead, Chase's failures enabled Secolsky to delay the citation proceedings for more than 10 ½ months, to the detriment of Park.

Under Illinois law, the Court may punish violations of the restraining provision of a citation "as and for a contempt." 735 ILCS § 5/2-1402(f)(1); see also Ill. Sup.Ct. R. 277(h) ("[a]ny person who fails to obey a citation . . . may be punished for contempt."). Additionally, the Court has the authority to enter a judgment against Chase, and in favor of Park, in the "amount of the value of the property transferred[.]" 735 ILCS § 5/2-1402(f)(1). *Republic Bank*, 725 F.3d at 653 ("If the third party releases the property without a court order giving permission to do so, the third party may be liable to the judgment creditor for any property of the debtor that was released, up to the value of the underlying judgment.")

Notably, liability to Park may be found even if Chase is not found in contempt. *Id.* at 662. ("[N]o showing of contempt is required to impose liability on the citation recipient.").

   **D. Chase's Answer Did Not Constitute a Personal Appearance.**

In *Mendez v. Dentists, P.C.*, Case No. 04 CV 4159, (N.D. Ill. March 7, 2012), the district court addressed whether a written answer constituted a personal appearance, and noted, "Illinois Supreme Court Rule 277(f) does not define 'personal appearance,' but some courts have held that a citation respondent must appear in person and answer questions regarding the disputed assets before Rule 277(f)'s six-month clock begins to run. Other courts have held, however, that a written answer is sufficient to start the six-month clock." *Mendez v. Dentists* at *10-11 (citing *United States v. Rogan,* No. 02 C 3310, 2008 WL 4853478, at *2 (N.D. Ill. Nov. 3, 2008) (appearance through counsel and production of documents did not start the six-month clock); *Flip Side Prods., Inc. v. Jam Prods., Ltd.*, No. 82 C 3684, 1990 WL 18677, at *3 (N.D. Ill. Nov. 8, 1990) (six-month cutoff did not begin to run until citation respondents personally appeared at their depositions); and *Windcrest Dev. Co., Inc. v. Giakoumis,* 834 N.E.2d 610, 614, 359 Ill. App. 3d 597, 296 Ill. Dec. 53 (Ill. App. Ct. 2005) (citation respondent first appeared when it filed its written answer)).

The *Mendez v. Dentists* court went on to find that Republic Bank's answer to the citation was so incomplete that it did not pass muster as a personal appearance, stating:

> "While it is true that Republic answered the citation on October 21, 2010, its answer was woefully incomplete, identifying $9,984 but declining to identify the originating account(s). … Thus, even assuming *arguendo* that a written answer could constitute a 'personal appearance,' Republic could not be said to have appeared until it produced a *complete* answer to the citation[.]" *Mendez v. Dentists* at *10-11 (emphasis in the original).

Here Chase's Answer merely stated that Account 8658 contained "protected funds" and cryptically listed deposits as "8658-SSA TREAS 310 XXSOC SEC. TIAA-CREF DISTR.

11

ANNUITY" (Answer p. 3). Chase's Answer is even more "woefully incomplete" than that of Republic Bank in *Mendez v. Dentists*. Chase's answer became inaccurate and misleading just 57 days later when, on December 19, 2019, Secolsky deposited $1,800.00 of nonexempt funds into Account 8658. Chase's failure was compounded on January 29, 2020 when Secolsky deposited an additional $378.43 of nonexempt funds. Clearly, Chase was making no effort to monitor Account 8658, as was its obligation.

Accordingly, Chase's written Answer was so "woefully incomplete" that it cannot constitute a personal appearance, and the 6-month limitation period of Rule 277(f) has not been triggered. Chase continues to be subject to the restraining provisions of the citation.

E. **Chase's Violations Acted to Extend the Citation Proceedings.**

The language of Rule 277(f) makes clear that extensions may be granted "as justice may require." Ill. Sup. Ct. R. 277(f). The Seventh Circuit has explained: "[t]he court may... grant extensions beyond the 6 months, as justice may require. Nothing in the rule requires a party to seek or request an extension from the court in order to avoid termination. Rather, the rule allows the court to grant extensions... as justice may require." (quotation marks omitted.) *Laborers' Pension Fund v. Pavement Maint., Inc.*, 542 F.3d 189, 194-95 (7th Cir. 2008).

Even if the six-month period has expired, an extension is allowable. *U.S. v. Macchione*, 660 F.Supp.2d 918, 927 n. 2 (N.D. Ill. 2009) ("Notably, the language of the Rule does not require that the request for an extension be made prior to the expiration of the six-month period.")

In *Ruggiero*, the debtor/respondent, Angelo Ruggiero, repeatedly delayed the citation examination. The Seventh Circuit found that "these delays could be thought of as continuances extending the six-month period ... [A] debtor who by his own actions delays the citation proceeding should be estopped to plead the deadline." *Ruggerio*, 994 F.2d at *1228.

It has become clear that Secolsky engaged for 10 ½ months in a deliberate concealment of his finances. In his response to the August 12, 2020 Order to Show Cause, Secolsky confessed his reluctance to disclosing his finances, stating "I DO NOTSEE EYE TO EYE WITH [Plaintiff's counsel] AS TO HIS REASN FOR HIS NEEDING MY BANK STAEMNS AND THE PAST TWO YEARS OF TAX RETURNS." (ECF #357 p. 4) (all caps and typos in original). Secolsky also admitted that he was deliberately dragging his feet on agreeing to a payment plan, as a tactic to apply pressure to Northern Riverview Healthcare Center: "ADMITTEDLY, I PROBABLY COULD HAVE COME TO AN AGREEMENT WITH [Plaintiff's counsel] AS, FROM NORTHERN RIVERVIEW HEALTHCARE CENTER BUT THERE WERE A FEW TMES THAT IN TRYING TO OBTAINAN RDER FRM THE COURT TO GET DISCHRGED, I WAS USING THE COMMND ORDER TO APPEAR AT THE URBANA CURTHOUS AS A WAY TO GET DISCHARGED." (ECF #357 p. 4) (all caps and typos in original).

If Chase had frozen Secolsky's assets, none of these delaying tactics would have been feasible. Park would have sought turnover orders for the nonexempt funds, and Secolsky would have felt pressure to settle with Park.

13

Although Chase is not the debtor here, Chase's conduct, like that of the debtor in *Ruggerio*, enabled the debtor Secolsky to delay the proceedings for 10 ½ months. These delays prevented Park from ascertaining Secolsky's financial status, shielded Secolsky from turnover orders, and impeded Park's ability to negotiate a settlement. This is an injustice to Park, and Chase should be held liable for allowing $4,478.43 to escape Park's reach.

Thus, Park asserts that Chase's delays should act as continuances, extending the six-month period as to Chase.

### SUMMARY

The Seventh Circuit stated a 3-pronged test: "To recover from [third party bank respondent], [judgment creditor] must show only (1) that she has an enforceable judgment, (2) that she properly served a citation upon the bank, and (3) that the bank transferred assets of the judgment debtor in violation of the citation's restraining provision." *Republic Bank*, 725 F.3d at 662-663 (quotation marks and citations omitted). Park has satisfied all three prongs.

The funds from the first two deposits of $1,800.00 and $378.43 into Secolsky's Chase account were transferred or disposed of within the 6-month period of Rule 277(f). There should be no doubt that Chase is liable to Park for those amounts.

Chase's Answer did not constitute a personal appearance triggering the 6-month period of Rule 277(f), or alternatively, Chase's contumacious violations served to extend the 6-month period. In either case, Chase is liable to Park for the amounts of the third and fourth deposits of $2,000.00 and $300.00 as well.

WHEREFORE, for the above reasons, Plaintiff Hye-Young Park respectfully requests that this Court issue an Order extending the Citation proceedings until further order of the Court, and further awarding judgment in favor of Hye-Young Park and against J.P Morgan Chase Bank in the amount of $4,478.43, plus costs, attorney fees, and such other relief as this Court deems equitable and just.

Dated November 27, 2020　　　　　　　Respectfully submitted
　　　　　　　　　　　　　　　　　　HYE-YOUNG PARK
　　　　　　　　　　　　　　　By:　s/ Marshall Dennis Mickunas
　　　　　　　　　　　　　　　　　　M. Dennis Mickunas, Her Attorney
　　　　　　　　　　　　　　　　　　ARDC # 6293386
　　　　　　　　　　　　　　　　　　312 Yankee Ridge Ln
　　　　　　　　　　　　　　　　　　Urbana, IL 61802
　　　　　　　　　　　　　　　　　　Phone: 217-328-4000